## St. Louis Southwestern Railway Company of Texas v. F. A. Shiflet et al.

### No. 1342.  Decided December 12, 1904.

**1.—Injury to Child—Railway—License—Understanding Danger.**

Evidence considered and held insufficient to justify submission of the question whether a boy between 11 and 12 years of age was excused for his negligence in sitting down and going to sleep on a railway track on the ground that he had not sufficient discretion to appreciate the danger. (Pp. 329, 331.)

**2.—Railway—Walking on Track—License.**

License to use a railway track as a foot path can not, it seems, be implied from the fact that persons were accustomed to walk upon it with the knowledge of engineers and conductors; and such custom affects only the question of the duty of the trainmen to keep a lookout, not the excuse of such footman from exercising care. (P. 331.)

**3.—Contributory Negligence—Going to Sleep.**

One having knowledge of the danger of being run over by trains on a railroad track is not excused from contributory negligence in going to sleep on the track by proof that he was a child without sufficient discretion to understand his liability to go to sleep if he sat down on the track while tired; and such evidence is inadmissible. (P. 332.)

Questions certified from the Court of Civil Appeals for the Fifth District, in an appeal from Henderson County. The ruling of the Supreme Court on questions previously certified on this appeal is reported ante, page 102.

*E. B. Perkins, Frost & Neblett.* and *Lewis Carpenter,* for appellant.—There was no evidence before the jury under which they could rightfully have found that the deceased was so wanting in knowledge of the danger of his position and so incapable of appreciating that danger as to excuse him for being in such position, and it was error to send such issue to the jury, for which the judgment should be reversed. St. Louis S. W. Ry. Co. v. Shiflet, 94 Texas, 131; Missouri P. Ry. Co. v. Porter, 73 Texas, 304; Krenzer v. Pittsburg C. & C. Ry. Co., 5 Am. Negligence Rep., 137; Houston & T. C. Ry. Co. v. Boozer, 2 Posey (Texas). U. C., 452; Galveston H. & S. A. Ry. Co. v. Chambers, 73 Texas, 296; Joske v. Irvine, 91 Texas, 574; Over v. Missouri K. & T. Ry. Co., 7 Texas Ct. Rep., 347; Gulf C. & S. F. Ry. Co. v. Lankford, 88 Texas, 499; Texas Loan Agency v. Fleming, 92 Texas, 458; Improvement Co. v. Munson,

14 Wall., 442; Sanches v. Railway Co., 88 Texas, 117; Galveston H. & S. A. Ry. Co. v. Ryon, 80 Texas, 59; McDonald v. Railway Co., 86 Texas, 1; Washington v. Railway Co., 90 Texas, 319; Galveston H. & S. A. Ry. Co. v. Faber, 77 Texas, 153; Crawford v. Railway Co., 89 Texas, 92; Douglass v. Railway Co., 90 Texas, 125.

The court erred in permitting the plaintiff and his witnesses to testify, over the objection of defendant, that the deceased did not have sufficient intelligence to comprehend and realize that if he was tired and weary and sat down on the railroad track he might go to sleep, and did not have sufficient intelligence to realize the danger of such act. St. Louis S. W. Ry. Co. v. Shiflet, 94 Texas, 140.

The uncontradicted testimony shows that the deceased did have mind and capacity enough to know and realize that it was dangerous to go to sleep upon the railroad track and that trains might come along and injure him, and such issue should not have been made doubtful and confusing by submitting it to the jury. Gage v. Tucker, 5 Texas Ct. Rep., 535; Texas & P. Ry. Co. v. Wisenor, 66 Texas, 474; Houston & T. C. Ry. Co. v. Gilmore, 62 Texas, 391; St. Louis S. W. Ry. Co. v. Shiflet, 94 Texas, 141.

It was error to submit to the jury the question as to whether the deceased was rightfully upon the track of appellant at the time of his death, because the uncontradicted testimony shows that the deceased was not rightfully on the track at said time. Texas & P. Ry. Co. v. Wisenor, 66 Texas, 674; Houston & T. C. Ry. Co. v. Gilmore, 62 Texas, 391.

There was no evidence before the jury under which they could either properly, rightfully, or justly have found that appellant's employes negligently failed to use ordinary care to keep a lookout for persons who might be expected on the track of appellant at the time and place of the injury. Texas & P. Ry. Co. v. Wisenor, 66 Texas, 674; Houston & T. C. Ry. Co. v. Richards, 59 Texas, 373; Missouri P. Ry. Co. v. Porter, 73 Texas, 304; Bradley v. Railway Co., 80 Texas, 84.

The charge of the court is error and requires a reversal of the judgment, because it makes the knowledge by any employe of appellant, from a section hand to the president of the company, of the use of the track by pedestrians, sufficient to impose a duty of looking after and protecting parties on the track in the day time or in the night time. Missouri, K. & T. Ry. Co. v. Belcher, 88 Texas, 551; Congar v. Chicago & N. W. Ry. Co., 1 Am. Rep., 164; Labbe v. Corbett, 69 Texas, 503.

*Richardson, Watkins & Miller,* for appellees.—Where it is shown that a child of immature years and without discretion is rightfully upon the track of a railway, in a worn out and broken condition, at night, and falls asleep and is killed, it is error for the court to invade the province of the jury and direct a verdict, since its want of judgment and discre-

tion and mental condition under the surrounding circumstances are facts of the highest consequence in determining the issue of contributory negligence. St. Louis S. W. Ry. Co. v. Shiflet, 94 Texas, 131; Shiflet v. Railway Co., 18 Texas Civ. App., 60; St. Louis S. W. Ry. Co. v. Shiflet, 56 S. W. Rep., 697; Cook v. Navigation Co. 76, Texas, 533; Houston & T. C. Ry. Co. v. Simpson, 60 Texas, 103; Evansich v. Railway Co., 57 Texas, 126; San Antonio & A. P. Ry. Co. v. Jazo, 25 S. W. Rep., 714; Galveston City Ry. Co. v. Hewitt, 67 Texas, 479; San Antonio & A. P. Ry. Co. v. Vaughn, 5 Texas Civ. App., 200; Texas & P. Ry. Co. v. Watkins, 88 Texas, 20; Artusy v. Railway Co. 73 Texas, 192; International & G. N. Ry. Co. v. McDonald, 75 Texas, 45; Texas & P. Ry. Co. v. O'Donnell, 58 Texas, 42; Texas & P. Ry. Co. v. Phillips, 37 S. W. Rep., 620; International & G. N. Ry. Co. v. Woodward, 63 S. W. Rep., 105.

If one is rightfully upon a railway track, without negligence on his part, and by the negligence of the defendant is killed or injured, this constitutes a basis for recovery. Texas & P. Ry. Co. v. Watkins, 88 Texas, 20; International & G. N. Ry. Co. v. Woodward, 63 S. W. Rep., 1054; Texas & P. Ry. Co. v. Vaughan, 16 Texas Civ. App., 405; St. Louis S. W. Ry. Co. v. Jacobson, 66 S. W. Rep., 1111.

We respectfully present and insist that when this jury has once found that the deceased was rightfully upon the track and was without negligence, and that he was in fact killed by the negligence of the defendant's servants, then the right to recover is complete. Whether the deceased was immature or aged cuts no figure, and therefore the finding that he was with or without discretion does not affect the case any more than the color of his hair or eyes. It was only a burden to be borne and complained of by plaintiffs. It lessened their chances of recovery and enhanced the defendant's probability of success. It has often been held "that an erroneous charge upon a question not properly involved in a case will not be ground for reversal." Marcelles v. Patton, 83 Texas, 525; Jones v. Thurmond's Heirs, 5 Texas, 329; League v. Davis, 53 Texas, 14. Again it has been held: "An erroneous charge not prejudicial to appellant is not ground for reversal." Blum v. Light, 81 Texas, 422; Houston Co. v. Dwyer, 59 Texas, 114; Love v. Wyatt, 19 Texas, 316; Albright v. Corley, 40 Texas, 112. One may cite a hundred more, but the principle is elementary. A charge upon an immaterial issue will not affect the result. Moore v. Moore, 73 Texas, 393.

If the deceased was rightfully upon the track, then he was not negligent from the simple fact of being there. Before he could be guilty of contributory negligence, he must, in addition to being there, do or perform some act which would render him guilty. In the mind of the appellee, the only act that could be suggested or was suggested by the appellant was that he went to sleep upon the track. In fact no other thing could be suggested. While the appellee recognized the general

rule that the defendant having pleaded contributory negligence was called upon to prove it, he still undertook to show a want of it by showing the inability of deceased to exercise it at the time and place. If the jury would not be authorized to infer from their age and other surroundings that this child should not be held liable for contributory negligence in going to sleep, what fact or circumstance ought to be shown in support of that suggestion? Appellee introduced two witnesses who knew the child who were qualified to testify as to the extent of his mental development as well as knowledge of his habits and from their knowledge of boys generally. They say that within their opinion the child did not have sufficient intelligence and discretion to appreciate the danger of sitting or lying down upon the track, in his then' broken and wearied condition, having walked about thirty miles, and would not realize that he would most probably fall asleep. We respectfully insist that this testimony was pertinent.

GAINES, CHIEF JUSTICE.—This is a certified question. The statement and questions are as follows:

"1. Appellees sued the railway company, appellant, to recover damages alleged to have resulted to them from the death of their minor son, Thomas, through the alleged negligence of appellant's employes. Defendant plead contributory negligence of Thomas Shiflet, the minor son. Judgment was rendered for appellees. The case has been tried four times in the District Court. This is the third time it has been before the Courts of Civil Appeals, and once passed upon by the Supreme Court, 94 Texas, 131.

"Thomas Shiflet was killed at night by being run over by one of appellant's trains at a point on the track where it was commonly used by pedestrians.

"Except as to some additional evidence showing that the track was used by pedestrians at night the facts are the same as those passed upon by the Supreme Court in St. Louis S. W. Ry. Co. v. Shiflet, 94 Texas, 131, and reference is here made to said case, where the facts are fully stated, and same is made a part of this statement.

"At a former day of this term of court we reversed and remanded the cause, but it is still pending on rehearing.

"One of the grounds for reversal was that the court erred in submitting to the jury the question whether or not Thomas Shiflet was of sufficient intelligence and discretion to understand and appreciate the danger of being on the railroad track at the time and place of the injury. This holding was based on the decision of the Supreme Court in this case on a former appeal, 94 Texas, 131.

"The appellees on rehearing contend that this 'court erred in construing the law of this case as set out in the opinion of the Supreme Court of this State, volume 94, page 131, in this: The law of the case as therein set out is expressly based on the assumption by that court that the deceased was not of right upon the track, and was not

there as a "licensee" at the time of his death; but was in the position of a trespasser from the first entry upon the track; whereas the trial court in his charge on the last trial of this case refused to submit any question for the determination of the jury, or to be in any way considered by them unless they first found that the deceased was of right, and not a trespasser, upon the defendant's railway at place he was killed; the Supreme Court in said opinion having held that the original petition presented a sufficient allegation upon that issue, and that it was an affirmable proposition had the same been submitted on trial at that time to the jury.' The court charged the jury as follows:

"'Ordinarily, every person who goes upon or remains upon a railroad track (except at a public crossing) is a trespasser, and as such assumes the risk of being injured or killed, and neither he nor any other person can recover damages therefor.

"'This general rule is subject to the following qualification: If the testimony shows that the part of the track, at the place where Thomas Shiflet was run over, had been habitually used by pedestrians as a common pathway, and had been so used for such a length of time that the employes of the defendant company knew or ought to have known of such common use for foot travelers, then it became the duty of the defendant company's employes to use such care and keep such a lookout for persons walking along such pathway as a person of ordinary prudence would have used, having in view the increased danger to persons traveling along said pathway by reason of the common use of the same by foot travelers, and having in view the time of day or night when the presence of travelers might be anticipated. A failure to use such degree of care would be negligence.

"'If you believe that under the circumstances of this case, and the foregoing part of this charge, Thomas Shiflet was not guilty of contributory negligence in being upon the railroad track, at the time and place where he was run over, and that he was on the pathway in the track at the time of the accident, and that he was not guilty of negligence in failing to discover the approaching train; and if you further believe that the employes of the defendant company were guilty of negligence in failing to see said Thomas Shiflet and in failing to stop the train or otherwise avoid running over him, and that such failure was negligence, and that such negligence was the proximate cause of the death of said Thomas Shiflet, and that said Thomas Shiflet's negligence did not contribute to his being run over, then you should find for the plaintiffs.

"'On the other hand, if said Thomas Shiflet was asleep upon the railroad track, and if he had mind and capacity enough to know and realize that it was dangerous to go to sleep upon a railroad track and that trains might come along and injure him, and if his going to sleep upon the track (if he did so) was negligence which caused or contributed to cause his being run over and killed, then the plaintiffs have no right to recover, and in such case you will find for the defendant company.'"

(The Court of Civil Appeals sets out the charge in full, but we have omitted such portions thereof as have no bearing upon the questions certified.)

"Question 1.   Did the trial court err in submitting to the jury the question whether or not Thomas Shiflet was of sufficient intelligence and discretion to understand and appreciate the danger of being on the railroad track at the time and place of the injury; in other words, did the submission of the question as to his being rightfully on the track authorize the charge or render it harmless?

"On the trial the court permitted the introduction of testimony to the effect that Thomas Shiflet did not have sufficient intelligence to appreciate and realize that if he sat down upon the track while weary and tired at night he might go to sleep, and also in submitting that as an issue to the jury.

"Question 2.   Was this evidence admissible in view of the holding in St. Louis S. W. Ry. Co. v. Shiflet, 94 Texas, 131?"

We are of opinion that the Court of Civil Appeals came to the correct conclusion upon the first question certified in the disposition first made by them of the case.   So far as that question is concerned, we are unable to see that the case as now presented in the Court of Civil Appeals is in any respect materially different from the case there presented upon the former appeal, and in which we granted a writ of error and reversed the judgment and remanded the cause.   We find no intimation, in our opinion then delivered, that the ruling would have been different had it been shown that persons were accustomed to walk upon the track of the defendant company in the night time; nor do we see any valid reason why such a distinction should be made.   We do not understand that persons become licensees who, without the express or implied permission of a railroad company, habitually use its track as a convenience in passing from one point to another.   There was no express permission shown in this case, nor do we think such permission can be implied from the mere fact that persons were accustomed to use the track as a pathway without objection on part of the defendant company.   That no benefit could accrue to it from such use is apparent.   On the contrary, it is but reasonable to suppose that the presence of persons walking on the track would be calculated to interfere with the operation of the trains and would therefore be objectionable.   A railroad company has no practical means of preventing a use of this character.   It would require a small army to picket a long line of railroad to prevent trespasses upon it.   Trespassers can not be prosecuted for the wrong, for it is not a penal offense under our law.   A license whether express or implied must proceed from the fact of some one having authority to grant it; and we think in the absence of proof it should not be presumed that the servants of a railroad company, who operate its trains, have such authority.   Therefore we are of opinion that a license should not be implied from the mere fact that persons were accustomed to use the track as a passway,

or from the further fact, that the conductor or engineer knew of such custom. It is true that this court has held that it is the duty of the servants of a railroad company operating a train along its road to keep a lookout for persons along its track, and to use proper precaution to avoid inflicting injury upon them. But this is not upon the ground that they are licensees, but for the reason that they may be expected to be there. This is especially applicable when the use of the track as a pathway, either along or across it, has become so common as to apprise the company of the probable presence of trespassers and of the danger of not keeping a lookout to discover their presence.

But this is somewhat of a digression from the point under consideration. Neither was the question of license nor the duty of keeping a lookout discussed in the opinion delivered by us upon the writ of error. The case was determined upon the point that even if the company's servants were negligent in failing to keep a lookout the act of the deceased in going upon and remaining upon the track was such contributory negligence as defeated a recovery. It follows that it makes no difference between the question then presented and that now certified, that upon the second trial evidence was introduced which tended to show that persons were accustomed to walk at night upon the track at the place of the accident, and that such evidence was not admitted upon the trial, the rulings in which were passed upon in our former opinion. The point was elaborately discussed in that opinion and needs no additional argument. Therefore in answer to the first question certified we say, that in our opinion the court erred in giving the charge and that it was prejudicial to the rights of the defendant.

We think, also, that it follows from our former opinion that the second question should be answered in the negative.

We take occasion to add that this is the second certificate which has been sent to this court in this case; and that, as we think, the practice of sending up successive certificates upon the same appeal is not to be commended.