WARD ROPER, GUARDIAN, v. TEXAS CENTRAL RAILROAD COMPANY.

Decided May 8, 1909.

**Negligence—Railway—Injury to Person on Track—Contributory Negligence.**

Where a circus train was standing on a side track of the defendant railway company, and an employe of the circus, after the performance at night and after he had performed some duty at the circus train, took his seat on a cross-tie of the main track with his back thereto and placed his hand on the rail, when an engine of the railway company ran over and injured it, and the evidence showed that those operating the engine did not see him, the doctrine of dis-

covered peril did not apply; and there being nothing in the evidence to relieve him from the consequences of his own negligence the company was not liable, though its servants were negligent in operating the engine without light or signal.

Appeal from the District Court of Hill County.    Tried below before Hon. W. C. Morrow, Special Judge.

*R. S. Phillips, Geo. D. Grees* and *Vaughan & Hart,* for appellant. —At the time Hanks Wilson was injured he was not a trespasser on the defendant's right of way but was there by the license and knowledge of the defendant, and the defendant owed him the duty to use reasonable care to discover his presence thereon and avoid injuring him, and, having failed to do so, was guilty of negligence which would authorize a recovery in this case.

The defendant through its servants, at the time of the injury to Hanks Wilson could, by the use of ordinary diligence, have discovered his presence and averted said injury, and, having failed to do so, was guilty of such negligence as will authorize a recovery in this case.

Hanks Wilson was not guilty of negligence in going upon the defendant's track and remaining there, having been licensed by the defendant to go upon its right of way and remain there; it was the duty of defendant to keep a lookout for him. Choate v. San Antonio & A. P. R. R. Co., 90 Texas, 82; Missouri, K. & T. Ry. Co. v. Holman, 15 Texas Civ. App., 19; Galveston & C. Ry. v. Lester, 24 Texas Civ. App., 468; Texas & P. R. Co. v. Watkins, 88 Texas, 20-25, and cases there cited.

*J. A. Kibler* and *Collins & Cummings,* for appellee.

RAINEY, CHIEF JUSTICE.—This suit was brought by the guardian to recover for personal injuries to his ward, John H. Wilson, a minor, inflicted by an engine running over his hand, said engine being operated by appellee's employes. The appellee plead the general issue and contributory negligence. The court instructed a verdict for appellee, upon the return of which judgment was rendered accordingly, and the guardian appeals.

The evidence shows that Wilson, aged sixteen years, was traveling with a circus being hauled over appellee's road. When the circus train reached the town of Stamford, where it was to give a performance, it was placed on a side track which was parallel to the main track, about twelve feet distant. The circus used its own cars. After the night performance was over—about 11 p. m.—Wilson went to the cars to take some ponies, and after placing them on the cars he took a seat on a cross-tie of the main track with his back turned thereto and placed his hand on the rail of said main track and was talking to other parties. While in that position a switch engine on the main track ran over his hand and injured it. The bell of the engine was not ringing, no whistle was blown, nor was the headlight lit. It was dark and Wilson's position was not seen by the employes on the engine.

Complaint is made of the action of the court in charging a verdict

·for appellee. We think this was not error in the court. The evidence showing that the employes operating the engine did not discover Wilson on the track, the doctrine of discovered peril did not apply, and though they were guilty of negligence in the operation of the engine, the plaintiff can not recover as the evidence conclusively shows that Wilson was guilty of contributory negligence. There is nothing in the evidence to relieve Wilson from the consequences of his own negligence. (Sabine & E. T. Ry. v. Dean, 76 Texas, 74; Houston & T. C. Ry. v. Kauffman, 46 Texas Civ. App., 72; Bennett v. St. Louis S. W. Ry., 36 Texas Civ. App., 459; Texas & Pac. Ry. v. Breadow, 90 Texas, 26; San Antonio & A. P. Ry. v. McMillan, 100 Texas, 562.) The judgment is affirmed.

*Affirmed.*

Writ of error refused.