### MISSOURI, K. & T. RY. CO. OF TEXAS v. SCHROETER.†

(Court of Civil Appeals of Texas. Feb. 4, 1911. On Rehearing, Feb. 25, 1911.)

1. RAILROADS (§ 358*)—INJURIES TO PERSONS ON OR NEAR TRACKS—NEGLIGENCE.

A sand train was standing on a track near which was a path habitually used by pedestrians. The locomotive was standing at a distance from the cars, and a wire cable was operated between the cars and locomotive in such a way that, as plaintiff passed along the path, she was struck by the cable, which in its operation sometimes swung to and fro. Plaintiff was in a position to have been easily seen by the operatives of the train. *Held*, that the facts warranted a charge on negligence.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1236, 1237; Dec. Dig. § 358.*]

2. RAILROADS (§ 381*)—INJURIES TO PERSONS ON OR NEAR TRACKS—CONTRIBUTORY NEGLIGENCE.

The facts were insufficient to show contributory negligence.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1285; Dec. Dig. § 381.*]

3. RAILROADS (§ 369*)—INJURIES TO PERSONS ON OR NEAR TRACKS—LOOKOUTS.

Operatives of trains must use diligence in keeping a lookout for persons along the track, and to use proper precaution to prevent inflicting injury upon them.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1259, 1261, 1265; Dec. Dig. § 369.*]

4. RAILROADS (§ 401*)—INJURIES TO PERSONS ON OR NEAR TRACKS — ACTIONS—INSTRUCTIONS.

In an action for injuries to plaintiff, who, while walking on a path near a track, was struck by a wire cable operated in connection with a sand train, it was proper to refuse a requested instruction on the principle of "safe and dangerous" way.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1382–1390; Dec. Dig. § 401.*]

5. TRIAL (§ 260*)—INSTRUCTIONS—REQUESTS— INSTRUCTIONS ALREADY GIVEN.

Where two charges on the same subject are requested and one is given, no error is committed by refusing the other.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 651; Dec. Dig. § 260.*]

Appeal from District Court, Dallas County; J. C. Roberts, Judge.

Action by Josephine Schroeter against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Thomas & Rhea, for appellant. Parks, Patton & Plowman and Hugh W. Peck, for appellee.

RAINEY, C. J. Appellee brought this suit against the appellant to recover damages for personal injuries inflicted upon her in the negligent operation of its wire cable and steam shovel attached to its locomotive engine.

The defendant demurred and answered generally, and specially pleaded: (1) That plaintiff was a trespasser on defendant's track, being there contrary to printed and posted notices and the penal ordinances of the city of Dallas; (2) that plaintiff was on its track in a position necessarily and obviously dangerous at the time of the accident, and that she assumed the risks of her position; (3) that plaintiff could have traveled a public street, which was safe and free from danger, and that in her lack of care in not traveling the public street she was guilty of negligence, which directly contributed to the accident. A trial resulted in a verdict and judgment in favor of appellee for $6,600, from which appellant appeals.

#### Conclusions of Facts.

Appellee was hurt while walking along a foot path near appellant's track at a point in the city of Dallas where pedestrians frequently and habitually travel, when she was struck and injured by the swaying to and fro of a wire cable being operated by appellant's servants. Said cable was operated in connection with a sand train. One end was attached to the engine, while the other was attached to a plow or shovel placed on flat cars for removing the sand thereon. The said train was standing across a highway, running east and west; that is, the engine was standing north of the crossing, and the cars loaded with sand or dirt were standing south of the crossing about 400 feet from the engine, and the cable was lying on the track between, but attached at either end, as above stated. The engine was facing north, and appellee was going south. After passing the engine, she heard it making a noise as though it was going to move. She looked back, and, seeing it moving north, she started south, and just then the cable swung, struck

her on the leg, breaking her ankle, and doing other injury to her leg and body. At the point she was struck there were two tracks running north and south. She was on the path west of the west track, and the sand train was on the east track. The path along which she was traveling was located far enough away from the track, so that pedestrians were in no danger from passing trains. She did not see the cable until about the time she was struck. In the operation of the cable it sometimes swings to and fro. The employés say they did not see appellee until she was struck. She was in a position to have been easily seen by them, but they did not keep a lookout for persons who might reasonably have been expected to be at that place. Appellee was not guilty of contributory negligence, nor did she assume the risk. Appellant's counsel in their brief make the following admission: "The petition alleged and the proof justified the finding that the place in the yards of the defendant where the appellee was traveling at the time of the accident was commonly and habitually used to such an extent as to charge the defendant's employés in control of the work train with the knowledge that the same was used by pedestrians."

### Conclusions of Law.

The first five assignments question the sufficiency of the evidence in various particulars to support the verdict and judgment, and the sixth complains that the verdict is excessive. We cannot concur in these contentions of appellant. We think the evidence fully shows that had appellant's employés used the care imposed upon them by law appellee would not have been injured, and that it justified the amount of damages assessed by the jury.

The court charged the jury as follows: "You are instructed that if you find and believe from the evidence herein that the plaintiff, on the occasion of the accident in question, was walking or traveling a way or path commonly or habitually used and traveled by the general public on foot prior to and including the date of the accident by the tacit consent of the defendant, and if you further find that while plaintiff was so traveling, if she was so traveling, the defendant in the operation of its engine and cars, or in the operation of its engine, cable, and plows, caused, allowed, or permitted its cable to swing back and forth or over said way, if any, that the plaintiff was following at the time of the accident, and to come in contact with plaintiff's person, and if you further find and believe from the evidence that the defendant in allowing, causing, or permitting said cable to swing back and forth over or upon said way, and to come in contact with plaintiff's person, if it did cause, permit, or allow said cable to swing back and forth over or upon said way, and to come in contact with plaintiff's person in the manner described in plaintiff's petition, did not use that degree of care for the safety of the plaintiff, while upon said way, that an ordinary prudent person would have used under similar circumstances, and that such failure, if any, on the part of the defendant to use the care aforesaid for the safety of the plaintiff was the proximate cause of the accident to the plaintiff and the injuries received by her, as set forth in plaintiff's petition, then, if you so find, the defendant was guilty of negligence, and you will find your verdict for the plaintiff, unless you find for defendant under some other instructions given you." The appellant complains of the foregoing charge, and contends, in substance, that appellee, at best, was a mere licensee, and appellant was under no legal obligation to operate its cable and cars in any particular manner or use active vigilance to prevent injury to appellee, that the allowing of the cable to swing back and forth was not negligence to her, and that by such use of the premises she assumed the risk of all concomitant dangers and risks. The evidence shows that appellee was traveling along a path that was commonly and habitually used by the public, that the train was standing still, and the cable was lying on the ground between the rails of the track on which the said train was standing, and the starting of the machinery under the circumstances shows such a want of care and circumspection on the part of appellant's employés as to warrant the charge of negligence making appellant liable to appellee for the damages sustained by her.

The rule in this state, as we understand it, is that operatives of trains must use diligence in keeping a lookout for persons along its track and to use proper precaution to prevent inflicting injury upon them. "But this is not upon the ground that they are licensees, but for the reason that they may be expected to be there. This is especially applicable when the use of the track as a pathway, either along or across it, has become so common as to apprise the company of the probable presence of trespassers, and of the danger of not keeping a lookout to discover their presence." Railway Co. v. Shifflet, 98 Tex. 326, 83 S. W. 677. This principle applies especially to this case, as the facts show that the employés were not keeping a lookout for persons that might be expected at the place where appellee was injured. The pathway had been used by the public for about 20 years, and with such frequency that the company could not help being apprised of the fact. We can see no reason why the rule should not apply to the sand trains of the company as well as to passenger and freight trains. The machinery is just as dangerous, in fact more so, as a cable is operated in connection therewith, which appliance other trains do not have, and this case illustrates that its operation at times proves dangerous to persons along the track.

The evidence fails to show that appellee assumed the risk or was guilty of contributory negligence in being at the place where she was injured. The path along which she was walking was far enough away that trains could pass her in safety. She did not see the cable, and was not familiar with the manner of its operation. She saw the engine moving in an opposite direction, and the facts show she was using care and caution in her movements, unless the mere fact of her walking along at that point on the company's right of way can be said to be negligence per se, and this cannot be done.

There was no error in refusing appellant's requested charge on the principle of "safe and dangerous" way, as the facts did not call for such a charge, but the court gave a charge on this question requested by appellant. Where two charges on the same subject are requested and one is given by the court, no error is committed by refusing the other.

All the other assignments of error have been considered, but, finding no error, the same are overruled.

The judgment is affirmed.

#### On Rehearing.

At the request of appellant, we find the following facts: "That at the time of the accident to plaintiff there was in force in the city of Dallas an ordinance in which it was provided that 'it shall be unlawful for any one in the city to trespass upon, interfere with, or use the property of another person or of a corporation, without the consent of the owner,' and that 'any person violating the provisions hereof shall be fined in any sum not exceeding $100.'"