## TEXAS & NEW ORLEANS R. R. CO. v. KEEN et ux.

### No. 2534.

Court of Civil Appeals of Texas. Beaumont.
June 15, 1934.

Rehearing Denied June 20, 1934.

R. L. Arterbury, of Houston, for appellant.

John & Levy, of Houston and Pitts & Liles, of Conroe, for appellees.

WALKER, Chief Justice.

At New Caney, in Montgomery county, appellant, Texas & New Orleans Railroad Company, maintains a pump house and a pump station on its right of way, 1,000 feet from its station in the town. The pump house is on the side of the railroad track and is surrounded by a dirt embankment about 5 feet high. The pump is operated by an oil engine cooled by running water. The water from the engine, when in operation, is drained off by water pipes that lead from the engine through the wall of the pump house on the side opposite from the track. As the water runs out of the pipes, it was never known to be hot enough to be uncomfortable, prior to the occasion in question. The engine was started by heating with a blow torch a plate called the "hot head" until it was hot enough to ignite the fuel oil. The engine was in charge of and operated by appellant's station agent at New Caney. On or about the 13th day of May, 1930, the station agent was not able to start the engine. He notified the dispatcher at Houston of his trouble, and the dispatcher ordered the water service foreman at Lufkin to report at New Caney and start the pump. Before the water service

foreman arrived, certain parties who lived in and near New Caney volunteered their services to start the pump. The section foreman, being off duty, at the request of the station agent, unsuccessfully tried his hand at the job; he also carried with him one of his section hands to lend his assistance. As the section hand left his home in company with his foreman, he invited his small brother and two other small boys, one of which was appellee Chap Keen, a small boy about twelve years of age, to go with him, saying to the boys, "Come go along and we will go swimming when we get the pump started." The little boys went along and played on the outside of the pump house while the section hand and his foreman were lending their assistance to start the pump. In their play, Chap Keen caught a grasshopper which he wanted to dip in the water that dripped from the pump drain pipes. While he was thus playing with his grasshopper, the hot water out of the drain pipes fell upon and scalded his head, for which he and his parents sued in this case and secured judgment—Chap Keen, $2,000, and his father and mother, $200.

■ Appellees' judgment necessarily rests upon the finding by the jury that Chap Keen was an invitee upon appellant's premises. Appellant's assignments that this finding was wholly without support in the evidence must be sustained. We make the following additional statement in support of this conclusion:

The station agent, who was also the pumper, testified as follows: .

"On June 13, 1930, I was the agent pumper at New Caney, I was doing relief work, and at that time I had charge of the station there and also the pump. It was my duty to maintain the station and operate the pump as it was needed. No one else had that duty. The section foreman had no sort of jurisdiction over this pump nor over the station. I had no right or authority to command the section foreman to do anything with reference to this pump. If I had commanded him to do anything with reference to it, it would not have been his duty to comply with my command."

The section foreman, in explaining his duties and authority, testified as follows:

"Mor. R. S. Craig was in charge of that pump house. I, as section foreman, have no control whatever over the station or pump house. I happened to be down there that afternoon because Mr. Craig came to me and told me he couldn't get the pump started and asked me if I would go down and see if I could get it started to fill his tank. It was no part of my duties to go down there and start it. He asked me to do this about four fifteen or four thirty; I quit work at four o'clock at that time. My working hours were over and I had already laid off and my hands had gone home. After my working hours, I went down and tried to start the engine."

■ For Chap Keen to have been an invitee, the law is that he must have been upon appellant's premises by invitation of its depot agent who had charge of the pump house and pump station, acting within the scope or apparent scope of his authority when the invitation was given. St. Louis S. W. Ry. Co. v. Shiflet, 98 Tex. 326, 83 S. W. 677; International & G. N. Ry. Co. v. Anderson, 82 Tex. 516, 17 S. W. 1039, 27 Am. St. Rep. 902. On this proposition, it is said by 45 C. J. 822:

"The status of one who enters upon property at the invitation of an employee of the owner depends upon the authority of the employee. If in giving the invitation the employee acted within the scope of his authority, the person invited by him occupies the status of an invitee with respect to the owner, but an invitation from the employee which is beyond the scope of the employee's authority cannot give to the person invited the status of an invitee with respect to the owner."

As "invitation" is defined by the authorities cited, the facts clearly show that Chap Keen was not an invitee, and, under these authorities, the finding of the jury on that issue must be set aside.

■ The further facts are that appellant's agent who had charge of the pump house and station did not even know that Chap Keen was at or near the pump house on the occasion in question, and no fact was shown visiting him with the duty to inquire as to his presence. As the agent did not know of appellee's presence, the duty to keep a proper lookout for him and to guard and protect him from injury was not invoked by the facts. The conclusion necessarily follows that appellant was not guilty of any negligence that contributed in the least to the injuries of Chap Keen.

The judgment of the lower court is reversed and the cause remanded for a new trial.