### TEXAS & N. O. R. CO. v. DAFT.
### No. 3714.

Court of Civil Appeals of Texas. El Paso.
Sept. 15, 1938.

Baker, Botts, Andrews & Wharton, of Houston, Landman & Landman and E. A. Landman, all of Athens, and Touchstone, Wight, Gormley & Price, of Dallas, for appellant.

G. C. Harris and Morgan & Morgan, all of Greenville, for appellee.

NEALON, Chief Justice.

This is an appeal from a judgment of the District Court in favor of appellee awarding him $5,000 for personal injuries. Appellee was injured by one of appellant's trains at a place in the private switching yards of appellant in the City of Commerce at a point at which appellant's tracks crossed those of the Sherman branch of the Cotton Belt route. Appellee's contention is that at the time of the injury he was walking from the business section of the town of Commerce, which is on the south side of appellant's tracks, to the home of his sister, which is north of the tracks. He was journeying in a northeasterly direction. According to his testimony he was knocked down by a freight car which was being pushed toward said intersection of the two railroads and the wheels of the car passed over the fingers of both hands, causing him to lose all of the fingers of his right hand and the large finger of his left hand. In response to special issues the jury found that for many months prior to October 17, 1936, the day that plaintiff received his injuries, there was a pathway leading from the northeast section of the town to the point on appellant's tracks where those tracks crossed those of the Cotton Belt route and that this pathway was commonly and habitually used both day and night as a pathway by the public, and especially by people living in the north and east sections of the town in going to and returning from business; that people traveling the pathway crossed the appellant's tracks at approximately the intersection of appellant's tracks with those of the Cotton Belt route; that this use of the pathway was with the knowledge, acquiescence and consent of the appellant; that plaintiff was injured while attempting to cross the tracks at the point mentioned; that the agents and servants of appellant failed to use ordinary care to keep a lookout for persons who might be using said pathway, and that said failure was a proximate cause of the plaintiff being injured; that there was no light on the end of the boxcar which plaintiff alleged struck him, and that the failure to have a light on the end of the car was negligence and a proximate cause of plaintiff's injuries; that the plaintiff did not fail to use ordinary care to look to see if a train was approaching, nor did he fail to use ordinary care to listen for approaching trains.

In answer to special interrogatories the jury found impliedly that the train which was being operated by defendant's agents was brought to a full stop as it approached the intersection of defendant's tracks with those of the Cotton Belt Railway; that the engineer operating the train sounded the whistle on the locomotive as the train approached said crossing, and

that the agents of defendant in charge of the train had the bell on the train ringing as the crossing was being approached. Plaintiff testified that he did not hear the approaching car (which was the only car attached to the engine that was pushing it) as it approached the crossing, and that he did not see any light upon the car, and that he heard neither whistle nor bell; that immediately before attempting to cross the tracks he looked and listened, but that he was struck by the car and spun around and thrown or fell across the north rail of defendant's track in such manner that he caught the rail with his hands, and was in the act of pushing himself off the track when four wheels of the defendant's train ran over his hands causing the injuries described.

G. W. Pye, a brakeman and witness for the defendant, who was on the boxcar at the time of the injury said he rode the end of the car to the crossing, that he had a lantern swinging on his arm; that the car was moving probably four miles an hour; that when he reached the crossing his attention was attracted by a movement on the ground; that he looked down and discovered a man on the ground and gave the stop signal; that he kicked the man on the shoulder in order to get him off the track as he did not have time to reach down and pull him off; that the man was slumped as if he might have been on his knees; that the train stopped after one wheel ran over plaintiff's hand; that the man asked for a doctor and said he had been sleepy and had decided to take a nap; that the witness' opinion was that plaintiff was under the influence of "dope"; that the man's head and hands were on the north rail when witness first saw him before the train hit him. The train was backing easterly. Jake Brown, the engineer on the train, testified that he made an emergency stop; that he saw plaintiff after he was hurt and plaintiff looked as if he might have been "doped." A. Zinc, the conductor, testified that the injured man told him that he was asleep. Several witnesses testified that the public had habitually used the crossing as a passageway without objection from the railroad officials.

## Opinion.

■ Appellant assigns as error the trial court's refusal to instruct a verdict upon the theory that the undisputed evidence showed appellee to be a trespasser at the time he was hurt. There was sufficient evidence to submit to the jury the question of whether or not plaintiff established an implied permission to the public to cross the track at the place where he was injured and the action of the court was not erroneous. Gulf Ry. Co. v. Matthews, 99 Tex. 160, 88 S.W. 192; Id., 100 Tex. 63, 93 S.W. 1068; International & G. N. R. Co. v. Woodward, 26 Tex.Civ.App. 389, 63 S. W. 1051.

■ Appellant requested submission of special issues calling for findings as to whether plaintiff was negligent in failing to remain away from and "not enter" defendant's premises and as to whether defendant was a trespasser. The requests were refused, and this refusal is assigned as error. According to plaintiff's own testimony at the time he was injured he was going from the business section of the town of Commerce, which was south of defendant's tracks, to the home of his sister, which was located north of the tracks. He was walking in a northeasterly direction. There is abundant testimony that there were public streets upon which he might have traveled the entire distance without entering the private switching yards of defendant, and though it would have been necessary for him to cross the tracks, he could have done so at a public crossing. We think the court erred in failing to submit these issues. Gulf Ry. Co. v. Matthews, supra; Gulf Ry. Co. v. Russell, 125 Tex. 443, 82 S.W.2d 948; Texas Midland Co. v. Byrd, 102 Tex. 263, 115 S.W. 1163, 20 L.R.A.,N.S., 429, 20 Ann. Cas. 137; Houston & T. C. R. Co. v. Tidwell, Tex.Civ.App., 262 S.W. 810.

■ We think, too, that in view of the condition of the tracks as shown by the photographs, of the darkness of the night (plaintiff testifying that he was unable to see the approaching car that injured him), of the position he occupied upon the tracks when he was discovered by the railroad employees, of the testimony of the latter that he was at first unable to account for his position except upon the theory that he was asleep upon the track, an issue was raised as to whether his prone position may not have been produced by an accidental stumble or in some other manner not brought about by the negligence of either party. Appellant requested a submission of the issue of unavoidable accident. It was refused. This refusal was reversible error.

484

■ Appellant requested the submission of a special issue inquiring if appellee, at the time he was injured, was a trespasser upon the private property of the railroad company. The request was refused and this refusal is assigned as error. Without determining whether the request was in proper form and the accompanying definition sufficient, or whether it was sufficient to direct the jury's attention to the fact issue, we hold that it was sufficient to require the court to formulate a correct issue. It is undisputed that the accident occurred in the switching yards of defendant and not at a public crossing. Appellee claims that he was a licensee. Appellant pleaded affirmatively that appellee was a trespasser and introduced evidence hereinbefore noted to the effect that immediately after his injury appellee told employees of appellant that he must have gone to sleep upon the tracks. A license to cross the tracks would not include the privilege of sleeping upon them. If appellee used them for a couch he was a trespasser. Roper v. Texas Cent. R. Co., 55 Tex.Civ.App. 620, 119 S.W. 696, writ refused. While the evidence was sufficient to submit the issue of the railroad company's acquiescence in the practice of using the tracks at the place of the accident as a crossing for pedestrians, it was not conclusive (Smith v. Fordyce, Tex.Sup., 18 S.W. 663; St. Louis S. W. Ry. Co. v. Shiflet, 98 Tex. 326, 83 S.W. 677), and defendant was entitled, upon request, to a submission of the issue raised by its affirmative defense and to a direct finding thereon. It is not sufficient that of necessity the issue may have been indirectly determined by the jury's answer to other issues. Montrief & Montrief v. Bragg, Tex.Com.App., 2 S.W.2d 276, and cases cited.

■ However, the position that appellant takes that it was under no duty to a trespasser except to refrain from wantonly or wilfully injuring him, and to exercise ordinary care to avoid injuring him after discovering his perilous position is not tenable. As early as 1873 in Houston & T. C. R. Co. v. Sympkins, 54 Tex. 615, 38 Am.Rep. 632, our Supreme Court said, "We prefer that line of decisions holding railroads bound to exercise their dangerous business with due care to avoid injury to others, as correct in principle and sound in policy, and as protecting even a trespasser who is not guilty of contributory negligence." This principle has been consistently adhered to, and is, therefore, the law of Texas as declared by the State's highest tribunal. See cases cited in Gulf Ry. Co. v. Russell, 125 Tex. 443, 82 S.W. 2d 948, decided in 1935, in which it is said [page 951]: "It is now the settled law of this state that a railway company in the operation of its trains owes a general duty of keeping a lookout for persons as well as animals or inanimate objects on its track. This duty of a 'reasonable lookout' is a continuing one and is not dependent upon the question of whether or not a person may be wrongfully upon the track at a place where persons are not usually expected to be. It is a duty imposed for the safety of passengers as well as persons who may be upon the track."

If defendant failed' to keep a proper lookout and if it be shown by a preponderance of the evidence that had a proper lookout been kept the presence of plaintiff upon the track would have been discovered in time to avoid injuring him, appellant would be liable, unless recovery should be defeated by appellee's contributory negligence.

On account of the errors indicated, judgment is reversed and the cause remanded.