**TEXAS & N. O. R. CO. v. SOLGAARD.**

No. 12070.

Court of Civil Appeals of Texas. Galveston.
July 21, 1949.

Rehearing Denied Oct. 20, 1949.

Baker, Botts, Andrews & Parish, of Houston, and Armstrong, Barker & Bedford, of Galveston, for appellant.

Markwell & Stubbs, of Galveston, Critz, Kuykendall, Bauknight & Stevenson, of Austin, for appellee.

MONTEITH, Chief Justice.

This is an appeal in an action brought by Nils Solgaard, a Norwegian seaman, for recovery of damages for injuries alleged to have been sustained as a result of the negligent operation of a train of freight cars which were being operated by the agents and employees of appellant, Texas & New Orleans Railroad Company, in the vicinity of its switching yards at Galveston, Texas.

Appellee alleged numerous acts and omissions on the part of appellant, its agents

and servants, claimed to amount to negligence proximately causing his injuries.

Appellant alleged that appellee had entered a dark and unlighted portion of the yards maintained by the Galveston Wharf Company and various railroad lines knowing that the tracks would be in use at any time by many engines and cars, and that he had failed to exercise proper care for his own safety. It alleged that appellee's injuries were caused by various acts and omissions on his part claimed to amount to contributory negligence.

In answer to special issues submitted, the jury found that the train which ran over appellee was operated by appellant and that appellant was negligent in failing to keep a proper lookout, in operating the train without adequate lights, in failing to give an audible warning of the train's approach and in failing to give the statutory warning. It found that each of these acts constituted negligence and that they were proximate causes of appellee's injuries The jury found that appellee did not attempt to cross the railroad track after hearing the train approaching; that he kept a proper lookout on the occasion in question, and that appellee's injuries were not due to an unavoidable accident.

The jury fixed appellee's damages at the sum of $47,500.

Appellee, Nils Solgaard, was a Norwegian seaman, 21 years of age at the time of the trial. He earned $90 per month and his keep aboard the ship. On the night that he was injured he had gone into Galveston on shore leave from his ship, which was undergoing repairs in Galveston Harbor, and was returning to his ship when he was struck by a train of eighteen boxcars pushed by a switch engine. There were no witnesses to the accident, and appellee was discovered by the engineer of the train on its return trip, east of 27th Street and approximately a block from 28th Street. The evidence is conflicting as to where appellee was struck. He testified that he had walked several steps beyond the track, identified as the third railroad track from the south side of the yards, when he heard a train approaching from his left

and that, when he turned and started back, he stumbled and fell.

Appellee contends that he was struck on 28th Street. Appellant contends that appellee was struck somewhere between the intersections of 27th and 28th Streets. It is undisputed that the place where he was struck was unlighted and dark.

Appellant's points of error one to seven, inclusive, are based on the refusal of the trial court to submit to the jury appellant's requested special issues inquiring as to various acts and omissions on the part of appellee which are alleged to constitute contributory negligence and to have proximately caused his injuries.

Appellant alleged as a defense that appellee was negligent in going to and remaining at a place near the railroad track where he was injured, in entering, placing himself on or near the railroad track in position to be struck by railroad traffic using the track and in remaining in the railroad yards, and in continuing to cross the railroad tracks after he had entered said railroad yards.

Appellant prepared and requested the submission of special issues on each of these pleaded defenses, with the attendant issues of negligence and proximate cause. The submission of each of said requested special issues was refused. The only defensive issue submitted was the issue as to whether appellee had failed to keep a proper lookout on the occasion in question and the issue of unavoidable accident.

Under its first point appellant assigns error in the refusal of the trial court to submit its requested special issue inquiring as to whether the jury found that appellee, immediately prior to the time he was struck and injured, had gone to and remained near the railroad tracks between the intersections of 28th Street and 27th Street, with the attendant issues of negligence and proximate cause.

Appellant contends that there was evidence in the record on this issue, and that this issue was vital to a proper consideration of appellant's defense, since appellee testified that he had wandered about the streets of Galveston for several hours with-

out companions; that he had walked toward the wharf on a street which he later judged to be 28th Street, and across some of appellant's tracks; that when he heard a train approaching from his left he had turned around and started back the way he had come, and had tripped and fallen and had been knocked unconscious. Appellant contends that the plain implication of this testimony is that appellee was injured on 28th Street, which was not open to vehicular traffic, and that marks on the ground indicate that he was dragged by the train to a point between the intersections of 27th and 28th streets, and that appellee was struck some distance to the east of 28th Street.

■ It is a settled rule of law in this State that negligence by an injured party, which proximately causes his injury, precludes a recovery, although it is shown that the defendant was guilty of negligence and proximate cause. It has also been uniformly held by the courts of this State that contributory negligence and proximate cause are an absolute defense to an action for injuries sustained, and that a defendant is entitled to a submission of the issues raised by its affirmative defenses and supported by proof and to a direct finding thereon. Cannady v. Dallas Ry. & Terminal Co., Tex.Civ.App., 219 S.W.2d 816; Texas & N. O. Ry. Co. v. Daft, Tex.Civ. App., 120 S.W.2d 481; City of Fort Worth et al. v. Lee, 143 Tex. 551, 186 S.W.2d 954, 159 A.L.R. 125; Gonzales v. Orsak, Tex.Civ.App., 205 S.W.2d 793; Graham v. Gatewood et al., Tex.Civ.App., 166 S.W.2d 768; Fox et al. v. Dallas Hotel Company, 111 Tex. 461, 240 S.W. 517.

In the case of T. & N. O. Ry. Co. v. Daft, El Paso Tex.Civ.App., 120 S.W.2d 481, 483, in which the facts are similar in all material respects to those in the instant case, the court held: " * * * in view of the condition of the tracks as shown by the photographs, of the darkness of the night (plaintiff testifying that he was unable to see the approaching car that injured him), of the position he occupied upon the tracks when he was discovered by the railroad employees, of the testimony of the latter that he was at first unable to account for his position except upon the theory that he was asleep upon the track, an issue was raised as to whether his prone position may not have been produced by an accidental stumble or in some other manner not brought about by the negligence of either party." The court held that the refusal of the trial court to submit the requested special issues was reversible error.

■ In this case, appellant was, we think, entitled upon request to the submission of the issues raised by its affirmative defense and to a direct finding as to whether appellee was negligent at the time he was struck and injured in going into and remaining at the place where he was alleged to have been injured, in view of his testimony that while crossing the tracks he heard a noise; that he looked and saw something coming toward him and that he started to run and fell down and knocked himself out, and that he did not know when the train hit him.

■ While it is the settled law in this state that a railway company in the operation of its trains owes a general duty of keeping a lookout for persons as well as animals or inanimate objects on its track, this duty of a reasonable lookout is a continuing one and is not dependent upon the question of whether or not a person may be wrongfully on the track at a place where persons are not usually expected to be. It is a duty imposed for the safety of passengers as well as persons who may be upon the track.

Under its eighth point of appeal, appellant contends that the court committed reversible error in failing to sustain its objection to special issue No. 3 of the court's main charge to the effect that there was not sufficient evidence to support a finding that a failure, if any, to keep a proper lookout, inquired about in said special issue, was the proximate cause of appellee's injury. Appellee testified that he saw the train when it was 90 to 100 feet away and before he tripped and fell.

It is undisputed that the railroad yards where appellee was struck and injured was dark and unlighted, and that a lookout was

668

riding on the front end of the lead boxcar displaying a regulation lantern as the cars approached the place of the accident, and that appellee had crossed the track upon which the train was travelling when he heard it approaching. He testified he turned back and when he saw the train he tripped and fell, and that he did not know when the train ran over him.

Under appellee's testimony, it is apparent that if he had not been prevented from keeping a proper lookout by the fact that he had stumbled and fallen while crossing the track on which he was injured, he would have discovered the approaching cars in time to have avoided being struck, and that under the facts the absence of lights on the boxcars and the warning of their approach could not have been a proximate cause of appellee's injuries, since appellee testified that he saw the approaching train before he fell, and that he was unconscious as a result of the fall at the time he was struck. Cannady v. Dallas Ry. & Terminal Co., Tex.Civ.App., 219 S.W.2d 816; Texas & Pacific Ry. Co. v. Shoemaker, 98 Tex. 451, 84 S.W. 1049.

It follows from the above conclusions that the judgment of the trial court must be reversed and the cause remanded.

Reversed and remanded.