**TEXAS & N. O. R. CO. v. SOLGAARD.**

No. 12070.

Court of Civil Appeals of Texas. Galveston.

Jan. 18, 1951.

Rehearing Denied Feb. 15, 1951.

Writ of Error Refused April 4, 1951.

See 238 S.W.2d 186.

Baker, Botts, Andrews & Parish, of Houston, and Armstrong, Barker, Bedford & Lambdin, of Galveston, for appellant.

Markwell & Stubbs, of Galveston, and Critz, Kuykendall, Bauknight & Stevenson, of Austin, for appellee.

MONTEITH, Chief Justice.

This is a second hearing before this Court of an appeal in an action brought by Nils Solgaard, a Norwegian seaman, who was injured by a train of freight cars operated by appellant, Texas & New Orleans Railroad Company, being pushed along a public street in the City of Galveston. A statement of the facts found and the issues presented on the trial of the case are fully set out in the former opinion by this Court at 223 S.W.2d 665, 668, and in the opinion of the Supreme Court of this state, reversing the action of this Court, at 229 S.W.2d 777.

In the trial court judgment was rendered in favor of appellee in the sum of $47,500, based on a jury verdict that appellant had been negligent in operating the train which injured appellee in failing to keep a proper lookout; in operating the train without adequate lights, and in failing to give an audible statutory warning of its approach. The judgment of the trial court was reversed and remanded by this Court largely on its conclusion that the appellant was entitled to have its affirmative defenses of contributory negligence which had been refused by the trial court submitted to the jury in the form of special issues. This Court found in its opinion that appellee had testified that he saw the train when it was 90 to 100 feet away and further found that "Under appellee's testimony, it is apparent that if he had not been prevented from keeping a proper lookout by the fact that he had stumbled and fallen while crossing the track on which he was injured, he would have discovered the approaching cars in time to have avoided being struck, and that under the facts the absence of lights on the boxcars and the warning of their approach could not have been a proximate cause of appellee's injuries, * * *."

The Supreme Court reversed the judgment of this Court and remanded the case for consideration of all assignments there presented, which had not been passed upon by it or this Court in its former opinion, including those relating to the effect of the evidence as a matter of law.

Appellant on this appeal relies upon nine points of assigned error, all of which are based largely on its complaint that the trial court erred in refusing its motion for an instructed verdict, for the reason that the uncontroverted evidence shows that appellee was injured as a proximate result of his own negligence, and that, as a matter of law, appellee failed to establish on the trial of the case, any causal relationship between the accident in which he was injured and any negligence of the Railroad Company, since, under the uncontroverted evidence in the record, he had observed the approach of the train when it was from 90 to 100 feet away.

The Supreme Court has in its opinion, we think, decided both of these questions in favor of appellee's contention in its express holding that "Oral argument and further study of the case confirm our earlier view that the Court of Civil Appeals erred in its holding that the trial court should have granted respondent's requested issues in question on the subject of contributory negligence" [229 S.W. 777, 779], and in its holding that the Court of Civil Appeals was without authority under the circumstances to make the ruling that the verdict was against the great weight of the evidence as regards the findings that the accident was the proximate result of the various acts of negligence found attributable to respondent.

Under the express holdings of the Supreme Court the judgment of the trial court must be in all things affirmed.

We have carefully reviewed all assignments presented which were not passed on by this Court in its first opinion and, finding no reversible error, the judgment of the trial court must be in all things affirmed.