## PARKER PETROLEUM COMPANY v. PRESTON LAWS.

No. A-3138.  Decided July 11, 1951.
Rehearing overruled October 3, 1951.
(242 S. W., 2d Series, 164.)

*Small & Small* and *C. C. Small, Jr.*, of Austin, for petitioner.

The Court of Civil Appeals erred in holding that the judgment of the trial court was limited to a legal conclusion that the law is against appellant and therefore not entitled to support of implied findings of fact. Utz v. Michael, 227 S.W. 2d 597; Johnson v. Archibold 78 Texas 96, 14 S.W. 206; Wisdom v. Smith, 146 Texas 420, 209 S.W. 2d 164.

*K. C. Barkley* and *Stanley C. Woods*, of Houston, and *Aubrey Fielder*, of Lockhart for respondent.

An assignment or a point is sufficient if it directs the attention of the court to the error relied upon. Lilienthal v. Motor Car Indmn. Co., 239 S.W. 906; Maddox Motor Co. v. Ford Motor Co., 23 S.W. 2d 333; McCarty v. Humphrey, 261 S.W. 1015.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

Respondent, Preston Laws, and petitioner, Parker Petroleum Company, entered into a contract in writing which provided that respondent should drill a well for oil and gas to a depth of 2200 feet. Difficulties were encountered at a depth of 2107 feet, and the well was not completed to the contract depth. Respondent sued for the agreed price per foot for the number of feet actually drilled, together with reasonable attorney's fees. He alleged that his failure to complete the well was due to a breach of the contract by petitioner. In a trial before the court without a jury, judgment was rendered that respondent take nothing. The Court of Civil Appeals reversed the trial court's judgment and remanded the case. 237 S. W. 2d 398.

Petitioner, as defendant in the trial court, pleaded a general denial and an accord and satisfaction. Under that pleading it introduced evidence on three defensive theories, (1) that it did not breach the contract; (2) that respondent himself breached the contract; and (3) that regardless of who breached the contract a binding accord and satisfaction had been consummated between the parties. No request was made for findings of fact or conclusions of law, and none were filed by the trial judge.

Respondent perfected an appeal to the Court of Civil Appeals, but presented only one point for decision, namely, that the defense of accord and satisfaction was not established. No question was raised as to the sufficiency of the evidence to sup-

port the judgment in favor of petitioner on either of his other two defensive theories. For the purposes of this opinion we shall assume, without deciding, that the evidence did not support the defense of accord and satisfaction. But that assumption is decisive of nothing, for the record does not disclose that the trial court's judgment rested upon that ground. The pleadings and evidence tendered other defensive theories, and in support of the trial court's judgment it will be presumed that each of those other defenses was sustained. Renfro Drug Co. v. Lewis, 149 Texas 508, 235 S. W. 2d 609; Davis v. Magnolia Petroleum Co., 134 Texas 201, 134 S. W. 2d 1042; Graham National Bank v. Beavers (Comm. App.), 290 S. W. 529.

■ Respondent points out that the trial court's judgment did not recite that the court was of the opinion that the law and facts were with the defendant (petitioner), but merely that "the law of this case is with the defendant." He argues that the omission of the word "facts" from the recital in the judgment has a very important bearing. We attach no importance to that fact. The recital is purely formal. The essential provision of the judgment is that plaintiff take nothing, and in support of that decree we must presume that the court sustained every unchallenged defense raised by the pleadings having support in the evidence. Authorities supra. The court could not have rendered judgment on the basis that the law was with petitioner without at the same time resolving the material facts in at least one of the defensive theories in its favor. The law of a case is not an abstract principle detached from the facts, but is the rule applicable to the established facts.

■ Respondent also points out that in his brief in the Court of Civil Appeals he raised only this question: "Does the payment of a liquidated demand release the debtor from the payment of another independent claim?", and that petitioner did not challenge that proposition, wherefore it is claimed that under Rule of Civil Procedure No. 419 it should be accepted by the appellate courts as correct. The cited rule provides that an unchallenged statement in appellant's brief as to the facts or record may be accepted by the court as correct. The quoted proposition is not a statement as to facts or as to the record, and the rule has no application thereto. Besides, while the quoted proposition was not denied categorically, it was forcefully challenged by petitioner's reply brief in the Court of Civil Appeals.

■ It is argued that the Court of Civil Appeals reversed the

case on the insufficiency of the evidence to support the implied findings, and that we are therefore without jurisdiction to reverse that court's judgment. Had the question of the sufficiency of the evidence to support the findings been presented to and sustained by that court, its judgment would have been final. But there was no assignment or point in the brief presenting that question, and without such assignment that court was lacking in authority to reverse the case on that ground. Hall Music Co. v. Robinson, 117 Texas 261, 1 S. W. 2d 857; Ochoa v. Winerich Motor Sales Co., 127 Texas 542, 94 S. W. 2d 416; Liberty Film Lines v. Porter, 136 Texas 49, 146 S. W. 2d 982; Wisdom v. Smith, 146 Texas 420, 209 S. W. 2d 164.

The judgment of the Court of Civil Appeals is reversed, and that of the trial court is affirmed.

Opinion delivered July 11, 1951.

Rehearing overruled October 3, 1951.