GERALD W. RUDES V. BERNARD A. GOTTSCHALK, INDIVIDUALLY
AND AS NEXT FRIEND OF WILLIAM CHARLES GOTTSCHALK.

\* \* \*

BERNARD A. GOTTSCHALK, INDIVIDUALLY AND AS NEXT FRIEND
OF WILLIAM CHARLES GOTTSCHALK, A MINOR V.
GERALD W. RUDES.

No. A-7012. Decided May 20, 1959.
(324 S.W. 2d Series 201)

*Carl Wright Johnson* and *Alfred W. Offer,* both of San Antonio, for petitioner Gerald W. Rudes.

*Lieck & Lieck* and *Charles J. Lieck, Sr.,* of San Antonio, for petitioners Gottschalk.

MR. JUSTICE NORVELL delivered the opinion of the Court.

After having considered the motion for rehearing filed herein by Gerald W. Rudes, we remain of the opinion that the judgment of the Court of Civil Appeals reversing the judgment of the trial court and remanding this cause for another trial should be affirmed. Such motion for rehearing is accordingly overruled. As certain changes in and additions to the original opinion

*f*

[April 1, 1959] have been made, that opinion is withdrawn and the following is filed in lieu thereof as the opinion of the Court:

Two questions are before us. One relates to the doctrine of negligence per se as applied to minors. The other concerns the proper method and form of submitting the element of "foreseeability" in the proximate cause issue when it is alleged that a minor has been contributorily negligent.

The trial court upon jury findings denied a recovery to plaintiffs upon the theory that William Charles Gottschalk, a boy eight years of age, was guilty of negligence per se. The Court of Civil Appeals reversed this judgment and remanded the case. Upon rehearing, however, a difference of opinion developed between the justices as to the proper method of submitting the proximate cause issue. 315 S.W. 2d 361. We granted writ of error upon Rudes' contention that the judgment of the trial court should be affirmed upon the theory of negligence per se, and also upon the Gottschalk contention that the majority of the Court of Civil Appeals erred in its instructions relating to the proximate cause issue. As the parties occupy a dual position here, their trial court designations will be employed.

The minor plaintiff, William Charles Gottschalk, was struck by an automobile driven by Rudes while attempting to push his bicycle across a controlled access expressway in San Antonio, Texas. The jury found that, "immediately prior to the accident the plaintiff, William Charles Gottschalk, attempted to cross the Expressway at a point other than within a marked or unmarked crosswalk at an intersection," (Issue No. 24)[1] and that "such act * * * was a proximate cause of the accident." (Issue No. 25).

Although the court had defined negligence as applied to William Charles Gottschalk as meaning "the failure to exercise such care as an ordinarily prudent child of his age, intelligence, experience and capacity would have exercised under the same or similar circumstances," no negligence question was submitted in connection with Special Issue No. 24, but the child was held to the standard of care applicable to an adult.

---

1.—Article 6701-d, Sec. 78(a), Vernon's Ann. Texas Stats., provides that:

"Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the highway."

The defendant also pleaded that young Gottschalk's action in attempting to cross the expressway constituted a violation of an ordinance of the City of San Antonio. What is said with reference to negligence per se under the statute is likewise applicable to the ordinance.

■ It is well settled that where common law negligence as distinguished from negligence per se is involved, the minor is judged by the standard of a child and not that of an adult. Dallas Ry. & Terminal Co. v. Rogers, 147 Texas 617, 218 S.W. 2d 456; Texas & Pacific Ry. Co. v. Crump, 102 Texas 250, 115 S.W. 26; Texas & Pacific Ry. Co. v. Phillips, 91 Texas 278, 42 S.W. 852; Missouri, Kansas & Texas Ry. Co. v. Rodgers, 89 Texas 675, 36 S.W. 243; Gulf, Colorado & Santa Fe Ry. Co. v. Mc-Whirter, 77 Texas 356, 14 S.W. 26; Evansich v. Gulf, Colorado & Santa Fe Ry. Co., 57 Texas 123; Government Employees Ins. Co. v. Davis, 5th Cir., 266 Fed. 2d 760; Annotations, 107 A.L.R. 4 and 174 A.L.R. 1082; Restatement of the Law of Torts (Negligence) Sec. 283, Comment (e) relating to children.

■ While defendant does not dispute the rule above set forth, he insists that a different rule applies to cases of negligence per se. Here the legislative regulation govrning the crossing of highways in places other than crosswalks was obviously intended to guard against a general class of harm which included the unfortunate occurrence disclosed by the record before us and was undoubtedly designed for the protection of motorists using the expressway as well as those crossing the same. 38 Am. Jur. 834, Negligence, Secs. 163, 165.

■ Fundamentally, however, the application of proscriptions contained in criminal statutes as standards for determining tort liability stems from the judicial action of civil courts. The statute here does not expressly provide for the fixing of civil liability in a negligence action. Actions expressly provided for by statute are to be distinguished from actions based upon the doctrine of negligence per se. In the latter type of action, the civil courts may and often do consider acts or omissions as negligent because of criminal regulations against them, although such acts or omissions would not be considered negligent under the ordinarily prudent man test. In the usual negligence per se case, however, we are concerned with alleged conduct which would be considered substandard even in the absence of statute. We adopt the stautory test rather than that of the ordinarily prudent man as the more accurate one to determine negligence because the Legislature, by reason of its organization and investigating processes, is generally in a better position to establish such tests than are the judicial tribunals. But this does not mean that the criminal statute is always accepted as a test of negligence by the civil courts under all circumstances. We have applied tests and standards taken from criminal statutes, even though such provisions are too indefinite for criminal proscrip-

tions, Gann v. Keith, 151 Texas 626, 253 S.W. 2d 413, and even when the statute may be wholly invalid as a criminal regulation because of a failure to comply with a procedural condition precedent. Clinkscales v. Carver, 22 Cal. 2d 72, 136 Pac. 2d 777.

As the power of adopting or rejecting standards rests with the civil courts, we may accept or reject the criminal statute or use such part thereof as may be deemed appropriate for our purposes. Phoenix Refining Co. v. Powell, Texas Civ. App., 251 S.W. 2d 892, wr. ref. n.r.e.; Clarence Morris, "The Role of Criminal Statutes in Negligence Actions," 49 Columbia Law Review 21; Morris, "Studies in the Law of Torts" p. 141. We have applied standards set forth in criminal statutes even to those persons who are expressly excepted from criminal responsibility thereunder. See Aritcle 30, Vernon's Texas Penal Code, and compare Sorrentino v. McNeill, Texas Civ. App., 122 S.W. 2d 723, wr. ref. And even while accepting a statutory standard of negligence in lieu of that of the ordinarily prudent man, we still retain the test of foreseeability of harm before liability is imposed under the doctrine of negligence per se. Mundy v. Pirie-Slaughter Motor Co., 146 Texas 314, 206 S.W. 2d 587.

■ We agree with the Court of Civil Appeals in holding that the conduct of a child is not to be judged by the standard of an adult simply because statutory negligence (negligence per se) is involved rather than common law negligence. This holding is undoubtedly in accord with the overwhelming weight of authority in the United States. Annotation 174 A.L.R. 1170. See authorities cited by the Court of Civil Appeals, 315 S.W. 2d 364. As indicated in the A.L.R. annotation (174 A.L.R. 1181) some courts apply the general rule concerning a child's standard of care while others inquire by interrogatory or instruction into the child's capacity to understand and comply with the statute. For example, in McNamara v. Cohen, 184 Misc. 872, 55 N.Y.S. 2d 600, the Supreme Court of New York held that, "The jury should have been instructed to determine whether or not plaintiff, having in mind his age, intelligence and experience, had sufficient mental and physical capacity to be able to comply with the statute." The general rule of a child's standard of care is, however, more compatible with the Texas practice and would be less likely to confuse a jury in a case submitted upon special issues. The case of Green v. Ligon, Texas Civ. App., 190 S.W. 2d 742, 1.c. 746, wr. ref. n.r.e. supports this view. This does not mean that the statutory standard of conduct is nullified where children are involved, but as stated by the Supreme Court of Utah in Morby v. Rogers, 122 Utah 540, 252 Pac. 2d 231, 1.c.

235, "If the violation of a statute by a child is found to evidence less care than that which ordinarily could be expected of a child of the same age, intelligence, knowledge, and experience, he could be held contributorily negligent barring his recovery. On an issue of contributory negligence, this measuring and judging the accountability of children of immature age is ordinarily to be left to the jury as a question of fact about which there might be reasonable difference of opinion."

Contributory negligence on the part of a child, like that of an adult, may appear as a matter of law. Such a case is that of St. Louis Southwestern Ry. Co. v. Shiflet, 94 Texas 131, 58 S.W. 945, Id., 98 Texas 326, 83 S.W. 677. It may be further said that at either end of the age bracket of childhood there exists a zone where under the particular facts of a case, it could well be said that reasonable minds could not differ but that the particular child, as a matter of law, must be held incapable of contributory negligence, or, on the other hand, held to the adult standard of the ordinarily prudent man. The age of the child in this case lies within the classic common law brackets of seven and fourteen. 14 Am. Jur. 811. The record does not compel the adoption of the adult standard on the theory that reasonable minds cannot differ as to the child's intelligence and discretion. The issue was for the jury and the Court of Civil Appeals correctly so held.[2]

■ The point upon which the Court of Civil Appeals divided raises again the anamolous situation involving the double use of the foreseeability test as a means of determining both negligence and proximate cause. Concerning this, much has been written. See references contained in Dallas Ry. & Terminal Co. v. Black, 152 Texas 343, 257 S.W. 2d 416, 1.c. 418. We may perhaps safely say that legal liability will not attach to an act or omission unless the alleged wrongdoer could have reasonably anticipated probable harm from his conduct. Foreseeability is undoubtedly a test of negligence, for certainly a prudent man would not do that which he could foresee would result in harm. Kuemmel v. Vradenburg, Texas Civ. App., 239 S.W. 2d 869, 1.c. 873, wr. ref. n.r.e. Under our forms of negligence submission, however, the element of foreseeability is submitted as a part of the definition of proximate cause, thus serving the double purpose of testing conduct and distinguishing between a close

---

2.—For a discussion of the questions of (1) the *capacity* of a child to be contributorily negligent, and (2) the *substantive standard of care* to be applied to the child's conduct, see Government Employees Ins. Co. v. Davis, 5th Cir., 266 Fed. 2d 760, decided May 5, 1959.

or proximate cause and a remote cause, albeit as has been pointed out, the logical way to determine causation is to reason back from the claimed result to the asserted cause. This process is said to involve metaphysics and hence difficulty. In City of Dallas v. Maxwell, Texas Com. App., 248 S.W. 667, 27 A.L.R. 927, the presence of the foreseeability element in the definition of proximate cause is explained as "an effort by the courts to avoid as far as possible the metaphysical and philosophical niceties in the age-old discussion of causation, and to lay down a rule of general application which will, as nearly as may be done by a general rule, apply a practical test, the test of common experience, to human conduct when determining legal rights and legal liability." See also, Dallas Ry. & Terminal Co. v. Black, 152 Texas 343, 257 S.W. 2d 416, 1.c. 419.

█ As to causation, there is perhaps not much ground for complaint of the usual definition of proximate cause even when employed in a case where a child is involved. However, in considering foreseeability as a test of negligence, it must be conceded that the powers and abilities of a child to anticipate danger and harmful consequences may not and often are not the same as those of an adult. Kenneth Vinson, Note, 37 Texas Law Review 255. It is contended with some reason and logic that the element of foreseeability as applied to the negligence issue is simply an evidentiary matter to be argued and considered in connection with the ordinarily prudent person test which constitutes the ultimate and controlling issue; and that when such issue is stated in terms applicable to a child, it should be deemed sufficient. However, it appears that upon a retrial, the controlling issues may be submitted without complicating the proximate cause definition and yet specifically prescribe the standard of a child to determine a child's negligence. When both the asserted negligence of an adult and of a child are involved, negligence should be defined as the failure to use ordinary care. Metzger v. Gambill, Texas Civ. App., 37 S.W. 2d 1077, 1.c. 1079, wr. ref., 30-B Texas Jur. 171, Negligence, Sec. 2. Ordinary care should then be defined as to the adult and also as to the child. As concerns this particular case the term ordinary care as applied to the defendant Gerald W. Rudes may be defined as such care as a person of ordinary prudence would have exercised under the same or similar circumstances. The term ordinary care as applied to the minor William Charles Gottschalk may be defined as such care as an ordinarily prudent child of the age, intelligence, experience and capacity of the said William Charles Gottschalk would have exercised under the same or similar circumstances. Proximate cause could then be defined as "a cause

which in a natural and continued sequence, produces an event, and without which the event would not have occurred; and in order to constitute proximate cause, the act or omission complained of must be such that one exercising ordinary care, according to the applicable definition thereof, would anticipate or foresee the particular event complained of, or some similar event which might probably result therefrom."

The judgment of the Court of Civil Appeals reversing the judgment of the trial court and remanding the cause for new trial is affirmed. Upon another trial the district judge will proceed in accordance with this opinion.

Opinion delivered May 20, 1959.