Katheryn WHITFILL, Petitioner,

v.

Elmer Lee HUNT et al., Respondents.

No. A–9994.

Supreme Court of Texas.

Feb. 17, 1965.

Rehearing Denied March 24, 1965.

Crenshaw, Dupree & Milam, Cecil Kuhne and Max C. Addison, Lubbock, for petitioner.

Sam Allred, Lubbock, Scarborough, Black, Tarpley & Scarborough, Abilene, for respondents.

GRIFFIN, Justice.

Respondent Elmer Lee Hunt, as plaintiff, filed this suit in a District Court of Lubbock County, Texas, against Miss Katheryn Whitfill, petitioner herein, for damages resulting from injuries sustained by Hunt's wife and minor daughter who were riding in Hunt's car at the time of the collision, and also for damages to Hunt's automobile.

After a trial before a jury and based on the jury's answers to the special issues submitted to it, judgment was rendered for Hunt against Miss Whitfill for a total of $3,000.00. On appeal by the defendant, the Court of Civil Appeals affirmed the judgment. 374 S.W.2d 341.

The jury found that the defendant immediately prior to the collision failed to keep a proper lookout, which was a proximate cause of the collision; that immediately prior to the collision defendant was driving at a high and dangerous rate of speed under the existing circumstances, which was negligence and a proximate cause.

As to the plaintiff, the jury found he did not fail to keep a proper lookout on the occasion in question; that he did not fail to yield the right of way; that he did not operate his automobile at an excessive rate of speed under the existing circumstances; and that the collision was not the result of an unavoidable accident. Damages were awarded.

Defendant assigns error to the failure of the trial court to give in its charge to the jury her separately requested special issues on (1) failure of plaintiff to sound his horn; (2) failure of the plaintiff to apply his brakes; and (3) failure to have his automobile under proper control.

Plaintiff urges that all three of these issues were only various shades of the issues on failure of plaintiff to keep a proper lookout; whether or not he failed to yield the right of way; and whether he operated his automobile at an excessive rate of speed. It is contended that since the jury found these last three issues in favor of plaintiff, there was no harm in the trial court's failure to submit either or all of defendant's requested special issues.

■ The right of the defendant to have affirmative defenses submitted must not be determined from the viewpoint of conditions as they appear after the verdict is returned, but from the viewpoint of what the jury might have found from the evidence if the issue had been submitted to them. Dixie Motor Coach Corp. v. Galvan, 126 Tex. 109, 86 S.W.2d 633 (1935); Southland Greyhound Lines, Inc. v. Cotten, 126 Tex. 596, 91 S.W.2d 326 (1936); Blanton v. E. & L. Transport Co., 146 Tex. 377, 207 S.W.2d 368 (1948).

In the case at bar, there is evidence to the effect that plaintiff was operating his car at a faster rate of speed than defendant. Plaintiff says he was going 25 to 30 miles per hour; defendant says she was going 20 to 25 miles per hour. There is evidence the collision occurred just about the middle of the street; that defendant applied her brakes before the collision and it is undisputed that plaintiff did not apply his brakes; that the street on which defendant was traveling was wider than the street on which plaintiff was traveling, and therefore plaintiff had farther to travel to get to the

middle of the intersection; that defendant's car was to the right of plaintiff's car as they approached the intersection; that plaintiff observed defendant when she was one-half to one block from the intersection; that after the collision plaintiff's car spun around, hit the left-hand curb and before stopping slid across the street to the righthand curb of the street in the direction he was traveling and north of the curb line of the street on which defendant was traveling.

On the requested issues of failure of the plaintiff to sound his horn or his failure to apply his brakes, plaintiff testified that he did not sound his horn or apply his brakes even though he saw defendant coming down the street when she was some one-half to one block from the intersection and plaintiff was about one-half block from the intersection; that he was proceeding north and that he watched defendant coming until the collision occurred; that defendant was proceeding west along the street she was traveling, and that the collision was at approximately 5:30 p. m. on February 27th; that the sun was low and shining down the street and toward defendant; that plaintiff knew the intersection was a dangerous one, as he frequently traveled across same. Plaintiff further testified that although he saw defendant coming, he thought he could get across the intersection safely. Defendant testified she never saw plaintiff until just prior to the collision.

■ Under the facts of this case, if plaintiff had sounded his horn to attract defendant's attention, the collision might well have been avoided. Sounding of the plaintiff's horn on the occasion in question was no part of the issues given by the trial court on "lookout," "excessive speed," or "failure to yield the right of way." The failure to sound his horn would support a jury finding of negligence and proximate cause of the collision.

Defendant filed an answer to plaintiff's petition in which she alleged in general terms that plaintiff was guilty of negligent acts which were the proximate cause of the collision. Later defendant filed a cross-action against plaintiff for her damages suffered in the collision. In her cross-action defendant specifically pleaded that plaintiff was guilty of negligence in his failure to apply his brakes in time to avoid the collision.

The jury found that plaintiff did not fail to keep a proper lookout on the occasion and further found that he did not operate his automobile at an excessive rate of speed under the existing circumstances.

■ If the plaintiff did not fail to keep a proper lookout, he saw the defendant's car coming, and he so testified. Seeing defendant's car coming down the street while plaintiff was not operating his car at an excessive rate of speed, and not applying his brakes, the jury might have concluded that under all the facts and circumstances plaintiff was guilty of negligence in failing to apply his brakes, and that such negligence was a proximate cause of the collision. Failure to apply brakes is a separate issue from proper lookout, and it is also separate from the issue on excessive rate of speed. Rather, these issues and their answers could easily be found to be additional reasons why an application of brakes would have prevented the collision and its resulting damages.

Rule 277, Texas Rules of Civil Procedure, entitles the parties to submission of all ultimate issues. The evidence raised the issue of the failure of plaintiff to sound his horn and his failure to apply his brakes as negligence and proximate cause, and the court should have submitted issues accordingly.

■ We hold that it was not error for the trial court to refuse to give petitioner's requested issue on proper control.

In view of our reversal and remanding for the reasons set out above, we do not find it necessary to decide petitioner's objection to the failure to instruct the jury on the law of right of way.

. The judgments of both courts below are reversed, and this cause is remanded to the trial court for a new trial consistent with this opinion.