NATIONAL UNION FIRE INSURANCE COMPANY, Appellant,

v.

Leon Talmadge COX et ux., Appellees.

No. 14612.

Court of Civil Appeals of Texas.

Houston.

Sept. 16, 1965.

Bryan & Patton, Chilton Bryan, Julietta Jarvis, Houston, for appellant.

Barker & Barker, Elmo Schwab, Jr., Galveston, for appellees.

WERLEIN, Justice.

Appellees sued appellant upon an insurance policy issued to them by appellant to recover damages caused to their home in Texas City, Galveston County, Texas, by the winds and waters which attended Hurricane Carla. The court rendered judgment on the jury verdict in favor of appellees in the sum of $5,822.75, less $100.00 deductible provided in the policy. From such judgment appellant has appealed, assigning numerous errors.

The original policy which was issued by appellant on or about December 19, 1956, contained certain exclusions applicable to loss resulting from windstorm, hurricane and hail. On January 1, 1959, certain sections of the original policy were eliminated by a Physical Loss Form, or rider, which became a part of the policy. Exclusion "C" under Section II of such form or rider was substituted for the exclusion clause as originally written in the policy. It excludes from coverage: "Loss by earthquake, surface waters, flood waters, waves, tide or tidal wave, high water, or overflow of streams or bodies of water, all whether driven by wind or not, or whether caused by or attributable to earthquake; * * *."

It is thus seen that the provision in the original policy to the effect that the company shall not be liable for loss to the interior of the dwelling caused by rain, whether wind-driven or not, unless the wind or hail first makes an opening in the walls or roof of the building, and rain immediately enters therein through such openings, was completely eliminated. Appellant pled the exclusions as contained in Exclusion II C of the rider.

The case was tried before the decisions of the Supreme Court were handed down in Paulson et ux. v. Fire Insurance Exchange, Tex., 393 S.W.2d 316 and Hardware Dealers Mutual Fire Insurance Company v. Berglund et ux., Tex., 393 S.W.2d 309. The special issues submitted by the court indicate that the case was tried upon two theor-

ies, namely, (1) that appellant was liable for all damage caused by the hurricane, and (2) that appellant was liable for the loss sustained to appellees' residence as a direct result of wind and of wind-driven rain, or hurricane-driven rain proximately caused by Hurricane Carla. Special Issue No. 4 reads:

"What do you find from a preponderance of the evidence to be the reasonable cost for repairing all of the damage, if any, with material of like kind and quality within a reasonable time after such loss, if any, sustained by the residence of Leon Talmadge Cox as a direct result of Hurricane Carla in September of 1961?

"By the phrase 'all of the damage,' as used in this Special Issue, is meant all of the damage, if any, which you have found to have been proximately caused by the perils of windstorm or hurricane to the residence of Leon Talmadge Cox on September 10, 11, and 12, 1961."

To this issue the jury found $6,112.75.

Special Issue No. 5 reads:

"What do you find from a preponderance of the evidence to be the reasonable cost for repairing the damage, if any, with material of like kind and quality within a reasonable time after such loss, if any, sustained by the residence of Leon Talmadge Cox as a direct result of the wind and of wind-driven rain, or hurricane-driven rain proximately caused by Hurricane Carla in September of 1961?"

To this issue the jury answered $5,822.75. It appears that the court rendered its judgment on the jury finding to Special Issue No. 5, since judgment was entered in the sum of $5,822.75, less the $100.00 deductible, plus interest.

Appellant complains that the court erred in overruling its motion for judgment non obstante veredicto and motion for new trial, since there was no finding segregating the damage caused by the wind and rain covered under the policy from damage caused by water excluded under the policy. A plaintiff is not required to plead that the loss resulted from a cause not excluded by the policy, since Rule 94, Texas Rules of Civil Procedure, places the duty upon the insurance carrier to plead the exclusions it relies upon. Our Supreme Court has made it clear, however, that when this is done, the burden of proving that the loss has resulted from a risk covered by the policy and not a risk within the exclusions of the policy, rests upon the insured. The question arises, therefore, as to whether appellees discharged their burden of proving and obtaining a jury finding that the damage to the property resulted from a risk covered by the policy and did not result in whole or part from a risk within the exclusion clauses of the policy. Appellant requested various issues in an effort to determine which damage was caused by risks within the terms of the policy and which damage was caused by risks within the exclusion clauses of the policy, but such issues were refused by the trial court.

With respect to the answer of the jury to Special Issue No. 5, appellant contends that there is insufficient evidence to support the jury finding and that such finding is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. We have read the entire statement of facts and have concluded that there is some evidence showing the amount of damage resulting solely from risks covered by the policy and not coming within the exclusion clauses thereof. Nor can we say that the jury finding to Special Issue No. 5 is so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust.

Appellant did not call any witness to testify as to the amount of damage sustained by appellees. Appellees' witness, Donald E. White, who appraised the property, testified as to the value of the property before and

after the hurricane and as to the diminution of value of the property resulting from the hurricane. This testimony was of no value because it does not in any way distinguish the loss resulting from risks within the terms of the policy and those within the exclusion clauses. Appellees' witness, C. E. Thompson, however, a general contractor who built appellees' dwelling in 1956, did submit a list showing the cost of necessary repairs that would have to be made to appellees' home, and testified that the inside damage to the property was caused by rain that was blown in through broken windows and vents in the roof caused by the wind, and that the damages about which he testified did not result from rising water. He further testified that the flood water rose in the dwelling from 10 to 12 inches but that he did not estimate the cost of repairing the sheet rock that was below the line of the rising water, and did not estimate any damage resulting from rising water. It is true

he included an item of damage in the sum of $183.75 for refinishing four rooms of oak flooring where windows were missing, although he did not know the source of the water that damaged the floors. However, Mr. Cox, who remained in the dwelling all during the hurricane, did testify that the rain water which came in through the broken windows and broken vents in the roof of the house had reached a height of 1 to 2 inches on the floors of his home prior to the time that any water came in from rising water or waves, and that such rain water coming in from the broken windows and roof and vents remained on the floor for hours before the flood waters came into the house. The jury might well have concluded that the floors were so damaged by standing rain water as to require refinishing.

The estimate of damages caused the dwelling given by Mr. Thompson is as follows:

| | |
|---|---:|
| Remove and replace 2800 sq. ft. S/R in ceiling, and 2400 ft. on walls, total 5200 sq. ft. @ $.45, tape, float, and texture, 2 coats of paint | $2340.00 |
| Remove and replace 35 sq. of built up roof, @ $21.00 | 735.00 |
| Remove and replace 2800 sq. ft. of insulation (6") @ .23 | 644.00 |
| Clean and paint exterior trim, 2 coats | 365.00 |
| Replace 4 window glasses  @ $8.00 | 32.00 |
| Caulk all windows and trim | 65.00 |
| Replace all entry locks and 2 garage locks, 6 locks @ $9.00 | 54.00 |
| Repair one window air cond. | 97.00 |
| Temp. roof repair | 67.00 |
| Refinish 4 rooms of oak flooring where windows were missing 735 sq. ft.   .25 | 183.75 |
| Replace 4 vent. blinds $9.50 | 38.00 |
| Repair 200 sq. ft. of brick wall above water line @ $1.50 | 300.00 |
| Replace 19 alum. window screens      @ $7.00 | 133.00 |
| Repair and paint 2 coats 3424 sq. ft. S/R walls @ .25 | 856.00 |
| | $5,909.75 |
| Repair 2 vents on roof | 10.00 |
| | $5,919.75 |

It is our view that the testimony of Mr. Thompson and Mr. Cox segregated the damage caused by wind and rain within the coverage of the policy from damage result-

ing from rising water which occurred after the original damage had been done by rain. Mr. Thompson testified unequivocally that the damage that he showed on

his estimate resulted through water and rain coming through windows and the roof of the dwelling and that it did not cover anything caused by rising water in the house. The jury had a right to accept his testimony. The fact that the damaged floors of the house were taken out prior to the time that Mr. Thompson visited the premises and that he did not see them in their damaged condition merely goes to the weight of the evidence. Mr. Thompson had built the house and was undoubtedly familiar with the floors and what it would cost to refinish them.

Appellant contends that the court erred in overruling its objections and exceptions to the court's charge and in submitting Special Issue No. 5 since such issue in effect submits the proximate cause theory covering damage from wind and wind-driven rain contrary to the insuring and exclusion clauses in the insurance contract dealing with insurance coverage and the carving out and excluding of water damage, flood water, rising water, high water, surface water and rain water, whether driven by wind or not, and for the further reason that in its present form said issue places the burden of proof on the defendant rather than on the plaintiffs and allows the jury to find, in effect, that the loss is covered by the policy if the evidence is equal. The objections and exceptions to the court's charge, while not as clear as they could be, were sufficient to direct the court's attention to appellant's contention that the burden was on appellees to establish affirmatively that the loss did not result from any of the risks covered in the exclusions clause.

Appellant not only pointed out the defect in such issue but it requested, among other special issues, the following which were actually appellees' issues:

## SPECIAL ISSUE NO. K

"Do you find from a preponderance of the evidence that tidal wave, high water or overflow, whether driven by wind or not, and the rain, whether driv-

en by wind or not, did not directly and proximately cause damage to the plaintiff's house in question on or about September 11, 1961?

"Answer: 'Tidal wave, high water or overflow, whether driven by wind or not, and the rain, whether driven by wind or not, did not directly and proximately cause damage to the plaintiffs' house.'

or

" 'Tidal wave, high water or overflow, whether driven by wind or not, and the rain, whether driven by wind or not, did directly and proximately cause damage to the plaintiffs' house.' "

## SPECIAL ISSUE NO. L

"Do you find from a preponderance of the evidence that the loss and damage to the house of the plaintiff Leon Talmadge Cox was not a direct and proximate result of the combined action of the winds of Hurricane Carla and tidal wave, high water or overflow, whether driven by wind or not?

"Answer: 'It was not a direct and proximate result of the combined action of the winds of Hurricane Carla and tidal wave, high water or overflow, whether driven by wind or not.'

" 'It was a direct and proximate result of the combined action of the winds of Hurricane Carla and tidal wave, high water or overflow, whether driven by wind or not.' "

Special Issue No. K with the instruction given in connection therewith is inadequate and incorrect in that it places generally rain whether driven by wind or not within the exclusionary clause of the policy. Such requested issue, however, was sufficient to suggest to the court the necessity for giving a correct issue covering appellees' burden to establish affirmatively that the damage was not caused by a risk within the exclusionary clause. Special Issue No. L properly places

the burden on plaintiffs to establish that the loss and damage was not a direct and proximate result of the combined action of the winds of Hurricane Carla and tidal wave, high water or overflow. This issue was refused.

The trial court gave no instructions to the jury in connection with Special Issue No. 5. The jury was not instructed that under the exclusionary clause of the policy it could not consider or allow anything for any damage or loss from surface waters, flood waters, waves, tide or tidal wave, high water, all whether driven by wind or not. Some of such excluded causes of damage were undoubtedly a direct result of the winds of Carla, and yet they came within the exclusionary clause. No issue was submitted to the jury which would permit it to find that certain damage was not the result of risks within the exclusionary clause of the policy, nor that the damage resulted solely from an unexcluded risk.

■ The testimony of appellees' witness White was to the effect that much of the damage to appellees' property resulted in whole or in part from high water. There was evidence to the effect that some of the damage to appellees' dwelling resulted from risks within the exclusionary clause of the policy. Under these circumstances appellees had the burden to establish affirmatively that the damage in question was not the result in whole or part of the excluded risks pleaded by appellant.

■ In Pelican Fire Ins. Co. v. Troy Co-op. Ass'n, 77 Tex. 225, 13 S.W. 980, our Supreme Court held that the trial court erred in not instructing the jury that the burden of proof was upon the plaintiff to show by a preponderance of the evidence that the fire was not caused by the fall of the building, nor by hurricane (the excluded risks). The Court said: "Such a charge was requested and refused, when there was evidence which made such charge proper."

The Supreme Court in Schuhmacher Co. v. Holcomb, 1944, 142 Tex. 332, 177 S.W.2d 951, held in effect that a defendant is entitled to an affirmative submission of defensive matters pleaded by him, and a finding on issues submitted is not a finding on issues not submitted. See also Rosenthal v. City of Dallas, Tex.Civ.App., 211 S.W.2d 279, writ ref., n.r.e.; Langham v. Talbott, Tex.Civ.App., 211 S.W.2d 987, writ ref., n.r.e.; Rule 279, T.R.C.P. In both Paulson et ux. v. Fire Insurance Exchange, and Hardware Dealers Mutual Fire Insurance Co. v. Berglund et ux., supra, our Supreme Court clearly held that although it could be said that the hurricane caused the loss, yet the plaintiffs could not recover unless they were able to establish that the loss did not come within the exclusionary clause relating to "tidal wave, high water, or overflow, whether driven by wind or not."

In McDonald v. New York Central Mutual Fire Ins. Co., Tex.Sup.1964, 380 S.W.2d 545, the Court submitted defensive issues for the purpose of determining whether the damages to the plaintiff's premises were directly caused by the excluded risks and whether the loss and damage was a direct and proximate result of the combined action of the wind of Carla and tidal wave, high water or overflow, whether driven by wind or not. Although the burden of proof in connection with such issues was improperly placed on the defendant, the Supreme Court, because of the unclear and rather obscure objections and exceptions of the defendant with respect to the placing of the burden of proof upon it, upheld the trial court's judgment in favor of the plaintiff. In the Berglund case, supra, the trial court's judgment was upheld by our Supreme Court. In that case the trial court properly submitted issues placing the burden of proof upon the plaintiff, requiring the plaintiff to establish that the damage was not covered by an excluded risk or in the event it was in part caused by an excluded risk, to establish what percentage of the damage was caused by risks within the exclusionary clause of the policy.

In light of the Supreme Court's opinions in the Paulson and Berglund cases, which were handed down after this case was tried, we are of the opinion that this cause should be reversed and remanded for a new trial.

Reversed and remanded.