**Gloria SHAW, as next Friend for Kenneth Shaw, Appellant,**

**v.**

**Leon B. NULL, Appellee.**

**No. 16689.**

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 17, 1965.

D. C. Gandy, Fort Worth, for appellant.

Brown, Day & Crowley and George A. Crowley, Fort Worth, for appellee.

RENFRO, Justice.

Suit was brought by Gloria Shaw, next friend for Kenneth Shaw, a minor, against Leon B. Null for personal injuries sustained by Kenneth as a result of an automobile-pedestrian collision.

In answer to special issues the jury found (1) defendant did not fail to keep a proper lookout; (3) was not driving at a greater rate of speed than a reasonably prudent person would have driven; (6) defendant's failure to turn to his right was not negligence.

Points of error are based on plaintiff's contentions that the above answers "are contrary to the law and the evidence", and

are against the overwhelming weight and preponderance of the evidence.

On the occasion in question defendant and his wife were driving south on Beach Street in proper traffic lane at a speed of 25 or 30 miles per hour. The legal speed limit was 30 miles per hour. The time was about 8:00 P.M. on August 10, 1963. The night was dark. There were vacant lots on the west side of the street and a cemetery on the east side. There were no street lights or other lights to illuminate the vicinity. The nearest house was a block away. Defendant's car was in good mechanical condition with good brakes, lights and a clear windshield. Defendant was under the impression he met a car traveling in the opposite direction. Just as the other car passed, defendant first saw the three year old child Kenneth "right in front of my headlights", and in the same lane of traffic as was defendant. At all times defendant was looking straight ahead. As soon as he saw the child he put the brakes on "hard as I could get them on." Defendant testified he had time to do nothing but apply the brakes. The car had almost stopped when it hit the boy. Further evidence showed the boy was struck "inside" the left headlight of defendant's car. Defendant traveled on Beach Street often. He had seen children playing on or adjacent to the street in daytime, but never at night. Defendant's wife testified she, too, was looking straight ahead and did not see Kenneth until just before the impact.

The jury is not only the judges of the facts and circumstances proven but may also draw reasonable inferences and deductions from the evidence adduced before it. 24 Tex.Jur.2d 357, § 705.

■ It was within the province of the jury, under the facts in this case, to determine whether defendant was guilty of the negligence charged against him. We

have no doubt there was ample evidence of probative value to support the "no negligence" findings, and, in view of the whole record, such findings were not against the great weight and preponderance of the evidence.

Plaintiff also contends the answer "None" to the damages issue is against the great preponderance of the evidence.

We agree.

■ There is nothing in the record, however, to suggest that the jury's answer to the issue was motivated by prejudice, passion or other improper influence. In view of the findings which exonerated defendant of negligence, the answer to the damages issue became immaterial. Pederson v. Scott, 366 S.W.2d 260 (Fort Worth Civ. App., 1963, ref., n. r. e.); Wilkinson v. Chambers, 205 S.W.2d 639 (Amarillo Civ. App., 1947, no writ hist.).

■ The jury found the accident to be unavoidable. Plaintiff objected to the submission of said issue. The issue was properly submitted. The child, because of his age, could not, as a matter of law, have been guilty of negligence. The evidence was such that the jury could, as it did, find that defendant was not negligent, thus the accident was one which was not caused by any negligence on the part of either party.

Plaintiff contends issues on sudden emergency, also answered favorably to defendant, should not have been submitted to the jury.

We find it unnecessary to determine whether the issues were properly in the case. There is no showing that submission of the issues resulted in probable prejudice to plaintiff.

Judgment affirmed.