James BERNER, Appellant,

v.

Alfred Kent YARBOROUGH, As Next Friend for Jeffrey Lee Yarborough, a Minor, Appellees.

No. 7129.

Court of Civil Appeals of Texas, Beaumont.

June 11, 1970.

Rehearing Denied July 16, 1970.

Stafford & Patten, Houston, for appellant.

Lucas & Hudson, Houston, for appellees.

PARKER, Chief Justice.

Upon a consideration of the motions for rehearing filed by the parties, our prior opinion is withdrawn and this opinion substituted in lieu thereof.

The defendant below appeals from a judgment based upon a jury verdict awarding the minor plaintiff $8,000.00 for his personal injuries and the father $2,000.00 for past and future medical expenses. Jeffrey Yarborough, a child of four years and ten months of age at the time of the accident, was upon the beach at Galveston with his parents at the time he received his injuries when struck by an automobile driven by our appellant. The parties will be designated by their respective names.

The jury acquitted Berner of negligence in the following particulars: (a) driving at an excessive rate of speed under the circumstances; (b) failing to sound his horn; (c) in failing to apply his brakes; and (d) in failing to turn his vehicle. He was found guilty of failing to keep a proper lookout, which proximately caused the injury of the child.

■ In deciding "no evidence" points, the court follows the rule of reviewing the evidence in its most favorable light in support of the finding of a vital fact, considering only the evidence and the inferences which support the finding and rejecting the inferences which are contrary to the finding. In deciding "insufficient evidence" points, the entire record is considered. In Re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951).

■ Berner has no point of error challenging the sufficiency of the evidence on the proper lookout issue, probably for the reason that he had no supporting assignments of error in his amended motion for new trial. We are, therefore, precluded from considering the sufficiency of the evidence to support the finding of a failure to keep a proper lookout. Parker Petroleum Co. v. Laws, 150 Tex. 430, 242 S.W.2d 164, 165–166 (1951); Plains Creamery v. Denny, 277 S.W.2d 755, 760 (Amarillo Civ.App., 1954, error ref. n. r. e.). Berner does, however, have appropriate no evidence and insufficient evidence points directed at the proximate cause issue in connection with the proper lookout finding. In this approach to the question Berner has chosen the hard road, for, as was said in Benoit v. Wilson, 150 Tex. 273, 239 S.W.2d 792, 797 (1951):

"What is proximate cause is a question for the jury to determine from all the facts and circumstances proved."

But, cf. Holmes v. J. C. Penney Company, 382 S.W.2d 472, 474 (Tex.Sup., 1964).

Disregarding for the moment the testimony of the interested witnesses, the parents of the child (neither of whom actually saw the impact between the child and Berner's car), and Berner himself, we turn to the testimony of the only other witness to the transaction, one Reed, whose testimony we reproduce:

"Well, we were driving along the beach and I was following Berner. All of a sudden when we came to where the child was I saw the child sitting on the beach. The child must have been a very short distance from his car because the child jumped up and darted in front of his car very fast. In fact, it would have been impossible to stop. Immediately after he hit the child he stopped and, it looked to me, of course, I was so upset about the whole thing but, I thought he had run completely over the child and the child was in back of the car. I am not sure if he was or not but, he hit the child and stopped as fast as possible. One of the child's parents, I think his mother, ran out and picked up the child and then the father came over and grabbed the child and they put the child in their car and drove away."

■ We have reviewed carefully all of the evidence on the point including that of the parties; and, while it is not as strong

as we would perhaps like to see, it is nevertheless sufficient to support the verdict of the jury. Convicted of driving his automobile down the beach without keeping a proper lookout, it did not require prophetic ken to foresee that there was a possibility that he might injure a child or some other pedestrian. Gulf, Colorado & Santa Fe Railway Co. v. Ballew, 66 S.W.2d 659, 661 (Comm.App., 1933, holdings approved); San Antonio & Arkansas Pass Railway Co. v. Behne, 231 S.W. 354, 356 (Comm.App., 1921); Texas & Pacific Ry. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162, 164 (1896). Berner's points challenging the finding of proximate cause are each overruled.

■ The jury found that the parents "failed to properly supervise Jeffrey Yarborough on the occasion in question" which was negligence. The jury declined to find that such negligence was a proximate cause of the accident. The parents parked their automobile upon the beach with a roadway between the car and the water. Without supervising the child, he was permitted to stray into the path of Berner's car under the circumstances set forth above in Reed's testimony. The jury properly found this failure to supervise was negligence, but declined to find that such negligence was a proximate cause of the accident. This latter answer of the jury is made the subject of Berner's Point No. Five contending that the Court erred in entering judgment in favor of the father for $2,000.00 "because as a matter of law, his actions at the time of the accident were negligent and a proximate cause of the injuries" sustained by the minor. We sustain this point. The jury having found as a fact that the parents were negligent in failing to properly supervise the child upon the beach, it follows as a matter of law, under the record in this case, that such was a proximate cause of the injuries sustained by the child. The judgment awarding $2,000.00 to Alfred Kent Yarborough is here and now reversed and judgment rendered for the defendant as to this cause of action.

■ Berner complains that the trial court erred in refusing to submit the issue of unavoidable accident, properly and timely requested. We sustain the point and in so doing quote the cogent reasoning of Chief Justice Bell in Childress v. Martens, 444 S.W.2d 362, 365 (Houston 1st Civ.App., 1969, error ref. n. r. e.):

> "There was evidence of probative force requiring the submission of an issue on unavoidable accident. Mrs. Childress testified 'a little boy' swung on the pole and it fell. She stated the boy was six, seven or eight years old, certainly not over eight. The jury could have believed he was six and was not, therefore, a responsible human agency. Haynes v. Martinez, 260 S.W.2d 369, Tex.Civ.App., ref. n. r. e.; Wichita Transit Co. v. Sanders, 214 S.W.2d 810, Tex.Civ.App., n. w. h.; Shaw v. Null, 397 S.W.2d 523, Tex.Civ. App., n. w. h.; Hodges on Special Issue Submission in Texas, Section 20, p. 57."

See also, Shaw v. Null, 397 S.W.2d 523, 524 (Fort Worth Civ.App., 1965, no writ).

■ Our dissenting brother, asserting that the issue of unavoidable accident was not raised by the evidence, does not contend that the evidence established Berner's failure to keep a proper lookout as a matter of law. Recognizing that the question of Berner's negligence was a question of fact, he overlooks the rule of law that the right of a litigant to the submission of his affirmative defenses is to be determined as of the time of submission, not in the light of the verdict after submission. In Whitfill v. Hunt, 387 S.W.2d 653, 654 (Tex.Sup.1965), the Court stated the rule in this language:

> "The right of the defendant to have affirmative defenses submitted must not be determined from the viewpoint of conditions as they appear after the verdict is returned, but from the viewpoint of what the jury might have found from the evidence if the issue had been submitted to them. [Citations omitted]"

Berner was deprived of his defense of contributory negligence on the part of the child because of his age, as will be pointed out hereinafter. He was also deprived, by the action of the trial court, of his right to have the child's negligence submitted to the jury in the unavoidable accident issue; and, we repeat, we must view the matter in the light of the conditions prevailing at the time of submission, not after the verdict. Thus, the refusal of the issue on unavoidable accident was reversible error.

Berner complains of the refusal of his requested issues which would have inquired whether Jeffrey was guilty of contributory negligence in running into the roadway and in failing to keep a proper lookout. The lookout issue included the phrase "such a lookout as would have been kept by an ordinary prudent person in the exercise of ordinary prudent care of the age, intelligence, experience and capacity of such child." We note, at the outset, that there was no testimony as to the mental development, or lack thereof, on the part of the child. His age is, however, firmly fixed in our record as being under five years.

Berner, relying upon the Massachusetts Rule as enunciated in Sorrentino v. McNeill, 122 S.W.2d 723, 724 (Galveston Civ. App., 1938, error ref.), asserts that it was for the jury to determine whether or not the child was guilty of contributory negligence. We disagree.

Berner also cites Ligon v. Green, 206 S.W.2d 629 (Fort Worth Civ.App., 1947, no writ), for the proposition that contributory negligence is a jury question in all cases where the child is three years of age or older. The Sorrentino Case has some broad language to that effect, but we decline to apply it here. The more recent decisions of our Supreme Court cast grave doubt on the validity of some of the more sweeping language found in Sorrentino. For instance, in Eaton v. R. B. George Investments, Inc., 152 Tex. 523, 260 S.W.2d 587 (1953), a child aged three years and eight months was found incapable, as a matter of law, of realizing the risk or danger of going on to the dipping vat. In Rudes v. Gottschalk, 159 Tex. 552, 324 S.W.2d 201 (1959), the child was eight years of age. There were two primary questions before the court: the applicability of the doctrine of negligence per se to minors and the form of submitting "foreseeability" in the proximate cause issue relating to a minor's contributory negligence. In passing, however, the court noted that the classic common law age brackets of childhood were seven and fourteen years, but commented:

"It may be further said that at either end of the age bracket of childhood there exists a zone where under the particular facts of a case, it could well be said that reasonable minds could not differ but that the particular child, as a matter of law, must be held incapable of contributory negligence, or, on the other hand, held to the adult standard of the ordinarily prudent man." (324 S.W.2d at p. 205)

■ Jeffrey was not within the common law bracket of childhood, and we have nothing in our record which would authorize our holding him to the standard of care applied to a child of more mature discretion. Notwithstanding Sorrentino, we hold that the trial court did not err in refusing the tendered issues of contributory negligence on the part of the child.

■ The final point brought forward for review is that the court erred in failing to submit the series of requested issues embodying the doctrine of sudden emergency. Berner contends that such was his right under the evidence. Our review of the evidence does not convince us that the issue was raised. There was no reasonable explanation given by either of the parties as to the cause of the accident which is compatible with the doctrine of sudden emergency. Mid-Tex Development Co. v. McJunkin, 369 S.W.2d 788, 792 (Dallas Civ.App., 1963, no writ), and cases therein cited.

For the reasons assigned herein, the judgment in favor of Alfred Kent Yarborough is reversed and judgment as to his cause of action is now rendered for the defendant; the judgment in favor of Jeffrey Lee Yarborough, the minor, is here and now reversed, and the cause remanded for a new trial.

Reversed and rendered in part and reversed and remanded in part.

STEPHENSON, Justice (dissenting).

I respectfully dissent. I would not reverse this case for the reason assigned in the majority opinion. It was not error for the trial court to refuse to submit issues as to unavoidable accident or emergency as neither of these defenses was raised by evidence.

The rule as to submission of unavoidable accident is stated in Hicks v. Brown, 136 Tex. 399, 151 S.W.2d 790 (1941), as follows:

" * * * if the evidence does not raise the issue that something other than the negligence of one of the parties caused the injuries, then it does not raise the issue of unavoidable accident."

The undisputed evidence shows the child was running from the water toward the roadway, and that there was nothing to obstruct Berner's view if he had been keeping a proper lookout. (He does not attack the sufficiency of the evidence to support the jury finding that he failed to keep a proper lookout.) Even though Berner has a naked pleading of unavoidable accident, there is no evidence in the record supporting such a theory in this case.

The rule as to submission of emergency is likewise well settled. The law is clear that in order for this defense to be available, the emergency must not have been proximately caused by the negligent act or omission of the person whose conduct is being inquired about. Mid-Tex Development Co. v. McJunkin, 369 S.W.2d 788 (Dallas Civ.App., 1963, no writ). As stated above, the emergency in this case was proximately caused by defendant's failure to keep a proper lookout and therefore the trial court properly refused to submit it.

I agree with the majority opinion that there is no evidence to support the failure by the jury to find that the negligence of the parents was the proximate cause of this injury. I would find as a matter of law that such negligence was the proximate cause and deny recovery by the parents. I would affirm the judgment allowing recovery by the child.