**REPUBLIC BANKERS LIFE INSURANCE COMPANY, Appellant,**

v.

**James H. PRUITT, Appellee.**

**No. 8277.**

Court of Civil Appeals of Texas, Amarillo.

July 31, 1972.

Rehearing Denied Aug. 28, 1972.

Beard & Kultgen, Thomas L. Cook, Waco, for appellant.

Walters & Associates, William F. Warnick, Lubbock, for appellee.

ELLIS, Chief Justice.

This appeal is from a judgment rendered after jury trial against the appellant insurance company for benefits alleged to be due under the terms of a hospital, surgical and medical policy issued to the appellee. Reversed and remanded.

James H. Pruitt, as plaintiff, instituted suit against Republic Bankers Life Insur-

ance Company, as defendant, to recover hospital, surgical and medical expenses incurred by his wife during a hospitalization period beginning June 11, 1969, and terminating upon her death in the hospital on June 29, 1969. The appellant insurance company has pleaded the exclusions of the insurance policy and alleges that the sickness for which the appellee's claim is being made either originated before or within six months after the issuance date of the policy and does not come under the coverage provided by the policy.

This case was submitted to the jury upon nine special issues. The jury answered such issues favorably to the plaintiff and, upon such verdict, the court entered judgment against the insurance company. From such judgment the insurer has brought this appeal upon nine assignments of error. The appellee has responded with nine counterpoints.

The policy insured James H. Pruitt and his wife, Evelyn Pruitt, "against loss resulting from Accidental Bodily Injury or Sickness to the extent herein provided, subject to the exclusions, limitations, provisions and reductions hereinafter set forth." The "Issue Date" of the policy was May 1, 1968, and it became effective at 12:01 a. m. on such date. The policy provides that " 'Sickness' wherever used in this Policy means sickness or disease contracted and originating more than fifteen days from the Issue Date hereof and while this Policy is in force, which results in loss covered by this policy." Additionally, the policy contains the following exclusionary provisions:

## "PART XI. EXCLUSIONS"

\*   \*   \*   \*   \*   \*

"2. No indemnities whatsoever shall be payable under this Policy for loss or disability resulting wholly or partly, in or from, . . . (2) Sickness or disease which results in surgical operations or procedures unless the cause thereof originates more than six (6) months after this policy has been in continuous force from the date of coverage of the

person insured hereunder for whom such surgery is prescribed; . . . (5) Sickness or Accidental Bodily Injury originating prior to the effective date of this Policy; . . . . "

At the outset, we deem it appropriate to determine whether the jury findings in response to the issues upon which liability may be predicated sufficiently serve to negative the pleaded exclusionary provisions of the policy. The insurer pleaded that the illness for which Mrs. Pruitt was hospitalized on June 11, 1969, and for which she had surgery on June 13, 1969, originated before November 1, 1968, and was excluded from coverage under the policy. Since the policy was issued on May 1, 1968, and the applicable exclusions from coverage include illnesses originating before or within six (6) months after the effective date of the policy, then any illness originating before November 1, 1968, would be excluded from coverage. In order to sustain a judgment against the insurance company, the insured must bear the burden of proof to negative the exclusions and limitations contained in the policy and pleaded as a defense by the defendant's answer. Sherman v. Provident American Insurance Company, 421 S.W.2d 652 (Tex. Sup.1967); Hardware Dealers Mutual Insurance Co. v. Berglund, 393 S.W.2d 309 (Tex.Sup.1965); Travelers Indemnity Co. v. McKillip, 469 S.W.2d 160 (Tex.Sup. 1971). Thus, the ultimate issue is whether the pleaded exclusions were negated, and in order for the insured to prevail, he is required to present evidence and secure a finding that the illness requiring the hospitalization and surgery did not originate at a time within any of the exclusionary periods prescribed by the policy and pleaded in defense by the insurance company.

The special issues submitted and jury findings pertinent to the primary liability question are:

## "SPECIAL ISSUE 1.

"Do you find by a preponderance of the evidence that Evelyn Pruitt contracted a

'sickness' or 'disease' more than fifteen (15) days after May 1, 1968?

"Answer: 'She did' or 'She did not.'

"Answer: She did.

### "SPECIAL ISSUE NO. 2

"Do you find by a preponderance of the evidence that on or about June 11, 1969, Evelyn Pruitt was required to be hospitalized because of a sickness or disease contracted more than six (6) months after May 15, 1968?

"Answer: 'She was' or 'She was not.'

"Answer: She was.

### "SPECIAL ISSUE NO. 3

"Do you find by a preponderance of the evidence that on or about June 11, 1969, Evelyn Pruitt underwent a surgical operation or procedure, the cause for which originated more than six (6) months after May 1, 1968?

"Answer: 'She did' or 'She did not', as you so find.

"Answer: She did."

\*  \*  \*  \*  \*  \*

### "SPECIAL ISSUE NO. 8

"Do you find by a preponderance of the evidence that the real and compelling cause for the hospitalization loss sought to be recovered by Plaintiff was not an ulcer or other disease that was contracted within six months from the date of issuance of the insurance policy in question?

"You are instructed that by the term 'real and compelling cause', is meant a cause that was not contributed in whole or in part by a disease or sickness that originated within six months from date of policy issuance, but it is not required to be shown that the excluded disease had no effect whatsoever on the hospitalization loss sought to be recovered.

"Answer: 'It was not' or 'it was.'

"Answer: It was not."

We note here that there is evidence in the record to the effect that the expenses for the hospitalization and surgery in question were incurred in June, 1969; the pre-operative diagnosis by the operating surgeon was gastric ulcer and there was a post-operation diagnosis by such surgeon of gastric ulcer and cirrhosis of the liver; and the cirrhosis was not discovered until the operation. An autopsy report by a pathologist, who did not know why the patient was hospitalized and the operation performed, showed that the cirrhosis was of the viral type which can come on quickly. Also, the record contains evidence of a diagnosis by the above mentioned operating surgeon of gastric ulcer, and a hospitalization period and treatment of the patient for gastric ulcer in April, 1968, prior to the issuance date of the policy, as well as a follow-up on this patient by the doctor which involved gastric ulcer in May, 1968.

In its first point of error, the appellant insurance company contends that the court erred in granting judgment to the appellee because the appellee failed to obtain a jury finding that the cause of Mrs. Pruitt's illness or sickness for which she was hospitalized on June 11, 1969, and for which she had the surgical operation did not originate before November 1, 1968. The appellant requested the court to submit the following special issue in lieu of all other special issues other than the special issue pertaining to attorney fees:

"Do you find from a preponderance of the evidence that the sickness for which Mrs. James H. Pruitt was hospitalized for on June 11, 1969, and for which she had a surgical operation did not originate before the 1st day of November, 1968?

"Answer: 'It did not originate before November 1, 1968' or 'It did originate before November 1, 1968.'"

The court refused to submit such requested issue, and the appellant duly excepted to the ruling of the court. Further, the appellee did not request the court to give such issue or a similar issue and made no objection to the omission of same from the court's charge. In its second point of error, the appellant challenges the action of the court in failing to submit such requested issue.

An overview of the jury's findings discloses that the findings are applicable *only* to the exclusionary period *subsequent to* the date of issuance of the policy, for none of these findings cover the exclusionary period *prior to* May 1, 1968, *the date of the issuance of the policy.* It is observed that the issue requested by the appellant and refused by the court covered any and all illnesses originating prior to November 1, 1968, and necessarily covered the exclusion of sickness originating prior to the effective date of the policy. The findings of the jury in answers to special issues Nos. 1, 2, 3 and 8 could serve, at most, to negative only by implication the exclusion as to sickness "originating prior to the effective date of the policy." The net effect of the answers to special issues Nos. 1, 2, 3 and 8 is that the sickness resulting in the hospitalization and operation originated after November 1, 1968. Other than by implication, these findings do not negative the exclusionary period involving sickness originating prior to the issuance date of the policy. Under the pleadings in the instant case, and in view of the holding in *Sherman*, the plaintiff is required to secure a finding from the evidence that the sickness for which Mrs. Pruitt was hospitalized and for which she had surgery did not originate before November 1, 1968, which submission would cover not only the exclusionary period of not more than six (6) months subsequent to the date of issuance of the policy, but also the exclusionary period prior to the effective date of the policy. Where there is evidence to raise the factual issue as to whether the loss resulted from risks coming within the exclusionary clauses of the policy, the plaintiff has the burden to establish affirmatively that the loss in question was not the result of the excluded risks pleaded by the defendant. See National Union Fire Insurance Company v. Cox, 393 S.W.2d 939 (Tex.Civ. App.—Houston 1965, no writ) and cases cited therein. In the case of Schuhmacher Co. v. Holcomb, 142 Tex. 332, 177 S.W.2d 951 (1944), the court held in effect that a defendant is entitled to an affirmative submission of defensive matters pleaded by him, and a finding on issues submitted is not a finding on issues not submitted. Further, whether an issue should be submitted is not to be determined from the viewpoint of conditions as they appear after the verdict is returned, but from the viewpoint of what the jury might have found from the evidence if the issue had been submitted. Whitfill v. Hunt, 387 S.W.2d 653 (Tex. Sup.1965). The defendant is entitled to submission of his defensive issues even though the issues submitted upon plaintiff's theory may by implication negative such defensive issues, and the error in failing to submit such issues is committed at the time of the submission of the charge and not after the findings of the jury have been returned. See Simpson v. Barham, 292 S.W.2d 874, (Tex.Civ.App.—Amarillo, 1956, no writ) and cases cited therein. As stated in the case of Greer v. Thaman, 55 S.W.2d 519 (Tex.Comm'n App.1932, holding approved), ". . . in order to accord each party a fair trial, our rules require that the theories of each party be directly submitted where raised by the evidence, and this right cannot be lost or defeated by jury findings on other issues, which, in effect, indirectly negative a favorable finding on an issue not submitted, but raised by the evidence." Further, Rule 277, Texas Rules of Civil Procedure, entitles the parties to the submission of all ultimate issues which are raised by the evidence. See Whitfill v. Hunt, supra.

In view of the pleadings and the evidence in this case, and in the light of the applicable authorities, it is our opinion that an appropriate issue or issues should have been submitted in a manner to include proper inquiry to secure finding as to whether the disease or illness here involved did or did not originate within the exclusionary period prior to the date of issuance of the. policy. The issue as requested by the appellant would have included inquiry covering such exclusionary period which was omitted from the issues as originally submitted. We sustain the appellant's first two points of error and hold that by reason of the failure to submit such requested issue and secure finding thereon, the judgment cannot be permitted to stand and should be reversed. Also, we further hold that in the interest of justice the cause should be remanded for a new trial. These holdings pretermit our passing upon the remaining points raised in this appeal.

Accordingly, the judgment of the trial court is reversed and the cause remanded.